No. 24,319.

Mary E. Barnhardt, *Appellee,* v. American Glycerin Company, *Appellant.*

SYLLABUS BY THE COURT.

1. Negligence—*Automobile on Fire—Abandonment by Driver—Sudden Peril —Rule of Conduct.* One driving an automobile loaded with nitroglycerin, who discovers that the automobile is on fire, the fire not having been caused by any lack of care on his part, and being stalled on a steep hill, is not guilty of actionable negligence in abandoning the automobile.

2. Same—*Personal Injuries—Proximate Cause.* Where the negligence, as found by the jury, is not the proximate cause of the injury, there can be no recovery.

Appeal from Chautauqua district court; Allison T. Ayres, *judge.* Opinion filed March 10, 1923. Reversed.

*W. H. Sproul,* of Sedan, *Hugo T. Wedell,* and *John J. Jones,* both of Chanute, for the appellant.

. *A. M. Parsons,* of Caney, *J. E. Brooks,* and *R. O. Robbins,* both of Sedan, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries alleged to have been sustained by the negligence of defendant. The jury made special findings and returned a general verdict for plaintiff upon which judgment was rendered. The defendant appeals, claiming that what the jury found to be negligence of the defendant is not negligence at all, and not the proximate cause of the injury. The defendant was transporting two automobile loads of nitroglycerin from its factory in Oklahoma into Kansas, over the public highway. It seems that one of the automobiles got on fire, and after they had passed the residence of plaintiff, about 800 feet distant, there was quite a steep hill. The automobile on fire could not make the hill; the driver abandoned it, and the automobile ran back down the hill and upset, and later, perhaps half an hour, the nitroglycerin exploded. At the time of the explosion the plaintiff was 1,100 feet from the place of the explosion. She alleged that the shock of the explosion and the poisonous gases affected her nervous system and gave her permanent injuries, for which the jury allowed her $1,500.

The plaintiff in her petition alleged negligence of defendant as follows:

"The agents of said defendant company as above named, while in the employ and service of said defendant company and in compliance with said order of the company to transport said nitroglycerin over said highway, so carelessly, negligently and unlawfully conducted themselves in transporting said nitroglycerin, by driving the cars in which said nitroglycerin was being transported at such a high rate of speed as to cause one of them to catch fire, and negligently, carelessly and unlawfully drove said car while it was so afire along the public highway near to and past the residence of this plaintiff, about a quarter of a mile south of the Floyd schoolhouse in Chautauqua county, Kansas, and about two miles east of Peru, Kansas, and driving it a short distance north of the plaintiff's house, partially up a steep hill, and carelessly, negligently and unlawfully abandoned it on said hill without securing it, and permitting it to run backwards near the plaintiff's residence and into a ditch, which caused the nitroglycerin in said car to explode with great force."

Among the special findings made by the jury are the following:

"5. Was the car in question on fire at the time that the plaintiff first saw it?  A. Yes.

"7. If you find for the plaintiff, then state what acts of negligence the defendant, its servants and employees, were guilty of.  A. Abandoning car on steep hill without securing it, permitting car to back down hill and upset."

It will be noted that the only negligence of defendant found by the jury was in abandoning the car on a steep hill without securing it, permitting it to back down the hill and upset. This amounts to a finding in favor of the defendant upon all the other acts of negligence alleged in the petition.

Appellant contends that for a person to abandon an automobile load of nitroglycerin when the automobile is on fire and stalled on a steep hill is not actionable negligence; that the emergency is such that one is justified in getting away as soon as possible. We are inclined to adopt that view. In 29 Cyc. 434, the rule is thus stated:

"Persons suddenly placed in a position of peril and impending danger do things which ordinarily would be acts of negligence, but acts done in such extreme circumstances are not to be judged by ordinary rules, and if an act has to be performed in a brief period with no time in which to determine the best course, negligence cannot be predicated of it."

In *Donahue v. Kelley*, 181 Pa. St. 93, an employee in a restaurant picked up a gasoline lamp which had become improperly ignited, to carry it outside. While proceeding to the door he was severely burned and threw the lamp, causing it to explode. The court held that the employer was not liable as for culpable negligence to a third person injured by such explosion.

In *Owen v. Cook*, 9 N. Dak. 134, it was held:

"A person whose property is threatened with imminent destruction by fire may take such steps for its protection as are reasonable and proper. If his acts aid or contribute to the destruction of another's property he will not be liable as for its negligent destruction. The fire from which, without negligence, he seeks to protect himself, will be considered as the direct and proximate cause of the loss and also the cause of his acts." (Syl. ¶ 2.)

In *Allen v. Schultz*, 107 Wash. 393, 397, it was held that one confronted with a sudden peril not arising from his fault, may, to avoid injury to himself, act in the way the emergency seems to require without being guilty of negligence, though he injures another who in no way contributed to the condition creating the peril.

In *Moody v. Gulf Refining Co.*, 142 Tenn. 280, 218 S. W. 817, it was held:

"An employee of defendant, in unloading a tank car filled with gasoline, is not negligent in that, while emptying the spout at the bottom of the tank into a tub, he, on warning of blasting of rock near by, ran around the car to escape danger, and in his absence the tub overflowed and the overflow was ignited and the fire burned plaintiff's building." (Syl. ¶ 4.)

Barnhardt v. Glycerin Co.

And further held:

"One who in sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence." (Syl. ¶ 5.)

In *Louisville & N. R. Co. v. Wright,* 235 S. W. (Ky.) 1, it was held:

"Failure to exercise the best judgment in an emergency is not evidence of negligence, though the error be fraught with lamentable results." (Syl. ¶ 1.)

In *Sieb v. Central Penna. Trac. Co.,* 47 Pa. Super. Ct. Rep. 228, it was said:

"When one who is without fault is unexpectedly placed in a position of peril he is to be dealt with in the light of his surroundings at that time and he is not necessarily negligent even though his judgment has been wrongly exercised." (Syl. ¶ 2.)

In *Filippone v. Reisenburger,* 119 N. Y. Supp. 632, it was said:

"Plaintiff was working in a building excavation, and was standing on a runway leading into the excavation, when defendant stepped upon a barrel standing near the runway, and, as claimed by plaintiff, the barrel turned over and defendant caught plaintiff's feet to prevent himself from falling into the excavation, and caused plaintiff to fall and injure himself; but defendant claimed that the barrel gave in and he took plaintiff's hand, held out to help him onto the runway, when they both fell. The barrel was in reasonably good condition, was not placed there by defendant and was not so placed that it would necessarily turn when defendant stepped on it. *Held,* that in either event the injury was accidental and under the rule that an act done under the influence of pressing danger, is presumed to have been done involuntarily, defendant was not liable." (Syl.)

In *Floyd v. Phila. & Read. R. R.,* 162 Pa. St. 29, it was held that though a flagman may have signaled persons in a carriage to advance over the crossing, yet on discovering a train almost on the crossing and the carriage coming in disregard of it, he is not negligent in stopping the horse by any means in his power, even if in doing so he frightened the horse, a thing which with cooler judgment he might have avoided.

Appellee contends that this rule should not be applied because the driver had time for deliberation. This is based upon plaintiff's testimony that the car "hung on the hill and ran back." The plaintiff testified:

"Q. You saw them pass your place? A. Yes, just glimpsed at them from work.

"Q. Was either of them afire at that time? A. Yes, sir; the one was.

"Q. What happened after the cars passed your place? A. They went by the hill, one car clear up, and the other hung on the hill and ran back."

Just how long the car "hung on the hill" is not shown. The expression would indicate a brief time. It seems clear that the time was not sufficient nor the circumstances such as to permit of meditation or deliberation. In 20 R. C. L. 29, it was said:

"The rule judicially stated is that one who in a sudden emergency acts according to his best judgment or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence."

In *Ransom v. Depot and Express Cos.*, 142 Mo. App. 361, an employee of an express company, while unloading an express car, was warned that a train was coming into the depot close to the track where his truck stood and that he must move his truck immediately to avoid collision with the train, and he got it across the track of the incoming train and upon a platform, but in so doing came in contact with a depot truck and caused the depot truck to roll down so close to the track that it was struck by the incoming train and thrown against plaintiff, who was passing upon the platform. The court held, that the expressman was not guilty of negligence. In the opinion it was said:

"It is suggested in the evidence that the expressman hesitated for a moment, and also that he did not follow the most expeditious course for removing the truck to a place of safety. The suggestions amount to nothing more than an expression of opinion, but if well founded, they afford no ground for an inference of negligence. The expressman was suddenly confronted by a great peril which gave him no time to think. The law imposes no rules of conduct upon one who is suddenly confronted by impending danger and is compelled to act, not by the dictates of care and reason, but by the instinct of self-preservation." (p. 368.)

Appellee cites cases holding that if the emergency is brought on by the negligence of the man who seeks to excuse his act by reason of the emergency it will not excuse him. These cases are not applicable here for the reason that the jury found no other negligence on the part of defendant. Had the jury found that the automobile was on fire through the negligence of defendant, the doctrine of these cases would have been applicable, but the jury did not so find, though plaintiff alleged it. By the findings of the jury the defendant was not guilty of any negligence except that of abandoning the car and permitting it to run back down the hill and upset.

Courts take judicial notice of the highly explosive qualities of nitroglycerin and that it explodes more readily when heated.

Take the case of the driver of this car, loaded with nitroglycerin, on fire through no fault of his, and stalled on a steep hill. The danger of a terrific explosion was imminent. There is no showing that he could have put out the fire or prevented the car from running back down the hill or done any good in any way by staying. Is his act in abandoning the car under these circumstances negligence which will make him or his employer liable for damages? The answer must be in the negative.

Appellant further contends that the act of the driver in abandoning the car and permitting it to run back down the hill and upset was not the proximate cause of the explosion and injury. Strange as it may seem, the nitroglycerin did not explode when the car backed down the hill and upset. The plaintiff testified:

"Q. Did you see it run back?  A. Yes, I seen it run back and turn bottom up in the ditch.

"Q. Then what happened?  A. I told the old man that was staying there that there was a car in the ditch on fire and there might be somebody under it, and he went up there and pulled a sweater out and seen what it was and—

"Q. Did you go with him?  A. No, sir.

"Q. What happened to you?  A. Well, I went on about my work until the car exploded and then I couldn't hardly remember anything that night.

"Q. The car didn't explode as soon as it ran back?  A. Oh, no; I went and milked two cows before it exploded.

"Q. Did it finally explode?  A. Yes, sir."

So it seems clear that the act found by the jury to constitute negligence of the defendant was not the cause of the explosion and resulting injury to plaintiff. It is well settled that where the act found as negligence did not cause the injury complained of there can be no recovery. (*Railroad Co. v. Justice,* 80 Kan. 10, 101 Pac. 469).

·The judgment of the court below is reversed, with directions to enter judgment for the defendant.