No. 30,498.

ANNA EATON, *Appellee,* v. B. A. SALYER, doing business as the SALYER PRODUCE COMPANY, and R. A. STEWART, *Appellants.*

(10 P. 2d 873.)

Opinion filed May 7, 1932.

*Guy L. Hursh,* of Topeka, for the appellants.
*Charles Rooney,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Anna Eaton, widow of Ephraim Eaton, deceased, against B. A. Salyer, doing business as the Salyer Produce Company, and R. A. Stewart, the employee of Salyer, to recover damages for injuries alleged to have been negligently inflicted upon her husband by striking him with a truck, which injuries resulted in his death.

In a trial with a jury, a verdict in her favor for $1,500 was returned, which the court approved and judgment was accordingly entered. Defendants appeal, contending only that the findings and judgment are not supported by the evidence, and that the death of Ephraim Eaton was the result of his own negligence.

There is a viaduct on Branner street in Topeka, running north and south, and defendants' truck was being driven south over the viaduct, which reaches the level on Third street, where the accident

occurred. An ordinance of the city provided a limitation of speed on the viaduct of twelve miles per hour. The truck was being driven at the time of the accident at more than twice the prescribed speed. Ephraim Eaton, a pedestrian, had started across the intersection of Branner and Third streets, and when he reached the center of the street he saw a vehicle coming in the other direction and stopped for a moment and appeared to move back a step or two when he was struck by the defendants' truck. When the driver of the truck saw the deceased in the street he suddenly applied his brakes and turned the truck towards the curb, which operated to swing the end of the truck towards the center of the street and the place where the deceased was standing. There was testimony that there was sufficient room between Eaton and the curb to have passed him with safety, if the truck had been properly handled.

One witness, Hentzler, testified that the deceased was about the center of the street when he saw him. A couple of cars were then coming from the south, one of them went between Mr. Eaton and the east curbing. "He just stopped and kinda looked around." Another witness called by the defendants, Burgett, testified that he turned his head a little bit to the north, and the truck "had gone up to the old man, and he was trying to get out of the road of it, and the man with the truck was trying to get on to the curb to clear him." There was testimony, too, that the truck which hit him "had not come into sight then, it was coming over the viaduct and down the slope. It looked as if the trucks were trying to pass each other on the viaduct." A witness stated that there were a number of trucks coming down the viaduct and seemed to be racing with one another, finally one got ahead and the other fell behind it, and that the trucks were then at about one hundred feet from the south end of the viaduct.

While some of the witnesses testified that there was excessive speed, saying that the truck was being driven at thirty-five miles an hour, the special finding of the jury was that the speed of the truck at the time of the collision was twenty to twenty-five miles an hour. There was also a special finding that the defendants were negligent in the speeding of the truck, and a special finding, also, that the deceased was not guilty of contributory negligence.

In this appeal defendants contend that there was contributory negligence on the part of the deceased which should bar a recovery for damages. Negligence of defendants was found by the jury and

there is little contention, or room for contention, as to the negligence of the defendants, but the claim is that the negligence of Eaton contributed to the injury with that of the defendants, and this plea in a sense implies negligence on their part. They insist that both plaintiff and defendants were required to exercise ordinary care, that plaintiff failed to exercise ordinary care in the circumstances, and that this failure bars a recovery. There is testimony tending to show that Eaton started across the street and had time to make the crossing as far as the defendants' truck was concerned, if it had been traveling at an authorized speed, and that when he reached the center of the street he was confronted with the sudden appearance of another automobile coming from the opposite direction. In this situation what should he have done? If he advanced there was peril, and it appears that there was peril in retreating. The step or two taken backwards proved to be dangerous, although there was testimony that there was room between Eaton and the curb for defendants' truck to have passed with safety if the truck had been carefully driven. In such an emergency while it was the duty of Eaton to exercise diligence to avoid injury, consideration must be given to the sudden danger that arose, and even if Eaton did not choose the wisest and best course in the emergency he is not to blame if there was not time and opportunity for deliberation and the exercise of the best judgment. (*Railroad Co. v. Langley,* 70 Kan. 453, 78 Pac. 858; *Barnhardt v. Glycerin Co.,* 113 Kan. 136, 213 Pac. 663; *Ryan v. Atchison, T. & S. F. Rly. Co.,* 131 Kan. 706, 293 Pac. 763; *Webb v. Lipperd,* 134 Kan. 764, 8 P. 2d 381; *Shrout v. Bird,* 135 Kan. 218, 9 P. 2d 673; *Godsey v. Cox,* ante, p. 343, 10 P. 2d 871.)

Under the facts in the case it cannot be held that Eaton was guilty of contributory negligence as a matter of law. It is clearly a case for the determination of a jury, and the jury after considering the testimony of the witnesses and the reasonable inferences arising therefrom, have specifically found that Eaton was not guilty of contributory negligence.

No complaint is made of the instructions of the court, and it must be assumed that the court correctly stated the law of negligence as applied to the facts of the case. That court has approved the findings and verdict of the jury, and it follows that the judgment must be affirmed. It is so ordered.