No. 38,385

TRINITY UNIVERSAL INSURANCE COMPANY, a corporation, *Appellant,*
v. THE FARMERS CO-OPERATIVE EXCHANGE OF MORLAND, a corporation; GEORGE RICHMEIER, *Appellees.*

(233 P. 2d 468)

Opinion filed
July 3, 1951.

*Wm. B. Ryan,* of Norton, argued the cause, and *Keith G. Sebelius,* of Norton, was with him on the briefs for the appellant.

*Marion W. Chipman,* of Hill City, argued the cause, and *W. H. Clark* and *Kenneth Clark,* both of Hoxie, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiff appeals from a ruling and judgment sustaining a demurrer to its amended petition.

Neither the abstract nor counter-abstract disclose any filing dates but do disclose that plaintiff commenced an action to recover moneys paid by it to its policyholders for losses allegedly resulting from negligence of the defendants, and as result of a motion to make definite and certain, filed an amended petition. At sometime defendants filed a motion to require the plaintiff to elect whether it claimed under the doctrine of *res ipsa loquitur* or under a theory of specific negligence, and upon the hearing of that motion plaintiff announced it would proceed on the theory of specific negligence. Later defendants demurred to the amended petition on the sole

ground that the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, and that demurrer having been sustained, the plaintiff perfected its appeal to this court.

In its brief, appellant states the trial court stated it was sustaining the demurrer on the sole ground that the so-called emergency doctrine applied in the case and as applied the amended petition failed to state a cause of action.

The amended petition purported to allege two causes of action. In the first cause of action plaintiff alleged its status and that on April 17, 1949, it issued to one Robert Keith its policy of insurance against loss by fire on the contents of a described building located in Morland, Kansas; that the defendant corporation, on September 2, 1949, was carrying on its business of selling motor fuels and petroleum products and the defendant Richmeier was its servant and employee; that on September 2, 1949, Richmeier, while acting as such servant and employee, was making a delivery of certain motor fuels to a motor company at its place of business on the north side of the principal business street in Morland and approximately a block to the west of the building occupied by Keith; that the defendant corporation's tank wagon then operated by defendant Richmeier was stopped at the motor company and was unloading motor fuel from the tank wagon by a hose attachment running from the tank to the protruding spout of an underground tank; that after inserting the hose into the spout, Richmeier walked to the front end of the tank wagon and in some manner unknown to the plaintiff the motor fuel then and there being unloaded became ignited and afire and the motor vehicle and tank wagon caught fire. It was further alleged:

"That the defendant, Richmeier, thereupon entered into the cab of said truck and tank wagon and started to drive the same in an easterly direction along Main Street of the said City of Morland. That while said truck and tank wagon was being so driven while the motor fuels or petroleum products therein contained, together with the tank wagon, were blazing and on fire. That said defendant, Richmeier, drove said motor vehicle for approximately one-half to three-fourths of a city block to the east of said Dinkel Motor Company, and then negligently and carelessly abandoned said burning motor truck and tank wagon, while the same was still running, upon said public highway."

And that as a direct and proximate result of the negligence of Richmeier in abandoning the motor truck and tank wagon while it was on fire and in permitting the truck and wagon to continue

running down the public street while unattended, the truck and tank crashed into another motor vehicle which was parked north of the building occupied by Keith, the tank wagon exploded and ignited the building occupied by Keith, causing the building and contents to be destroyed by fire. Further allegations as to the policy and its provisions for subrogation and of payment of loss need not be detailed. The second cause of action incorporated by reference all of the pertinent allegations of the first cause of action, and alleged issuance to one D. C. Kay of a policy of insurance against loss by fire of the building occupied by Keith and mentioned in the first cause of action, payment to Kay and other matters not presently of importance.

Appellant, in its brief, states that how the doctrine of emergency, based on the allegations of the petition, ever got into the case, was and is a mystery to it. Let us see.

Reviewed briefly, plaintiff alleged that defendants were unloading motor fuel to a motor company on the principal business street in Morland and that while the fuel was being unloaded Richmeier walked to the front end of the tank wagon and in some manner unknown to plaintiff the motor fuel became ignited and the truck and wagon caught fire, and that Richmeier entered the cab of the truck and started to drive east along the street, the truck and tank then being afire. Up to this place in the allegations, a portion of which is quoted above, there is no charge of any negligence against the defendants. The only attempt to charge negligence is that after driving the truck and tank for a part of a block to the east, Richmeier abandoned the truck and tank while the same was still running upon the street. The question is whether those allegations disclose an emergency of such character that Richmeier may not be charged with negligence. If he was negligent, of course under the allegations his employer was, and if he was not negligent, his employer would not be liable. Under the circumstances we discuss the question as though Richmeier were the sole defendant.

Appellant's contention the trial court erred is very shortly presented in its brief. After making a partial quotation from Blashfield Cyclopedia of Automobile Law and Practice, the full text of which is later set forth, and a partial quotation of the second paragraph in the syllabus in *Seele v. Purcell*, 45 N. M. 176, 113 P. 2d 320, later noticed, treating with emergency, it argues that there cannot

be read into the amended petition any allegation that Richmeier was forced to abandon the burning truck and to permit it to run along the street, nor that there was any allegation it was necessary that he abandon it for his own safety, the only allegation being that he negligently and carelessly abandoned the burning truck. After directing attention to a statement in the dissenting opinion in *Towell v. Staley*, 161 Kan. 127, 166 P. 2d 699, that this court is committed to the doctrine that a sudden emergency, created solely by the defendant, will not preclude recovery as a matter of law (l. c. 144) it argues that if any emergency existed, it was created when Richmeier drove the truck to the point where he abandoned it, and that any supposed emergency which may have existed prior to the moving of the truck, has no bearing upon the acts relied upon by it. The final thread of the argument is that whether there was an emergency was only a circumstance in determining whether Richmeier was negligent, and the question of negligence was for the jury.

As used here, the word "emergency" has no technical or peculiar meaning but only such meaning as it may have in approved use of language. In Webster's New International Dictionary, Second Ed., the noun "emergency" is defined as, "An unforeseen combination of circumstances which calls for immediate action." (See *Koger v. Keller*, 120 Kan. 196, 243 Pac. 294, where this definition is quoted approvingly.) On occasions the noun "emergency" is preceded by the adjective "sudden" which is defined as unforeseen or unexpected. (See *Hagaman v. Manley*, 141 Kan. 647, 652, 42 P. 2d 946.) The use of the adjective adds little to inherent meaning of the noun.

Discussion of emergency in the law pertaining to negligence may be found in many of the authorities and decisions.

In Blashfield Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. 1, Part 2, p. 538, § 668, it is said:

"When one is confronted with a sudden peril requiring instinctive action, he is not, in determining his course of action, held to the exercise of the same degree of care as when he has time for reflection, and, in the event that an automobilist suddenly meets with an emergency which naturally would overpower the judgment of a reasonably prudent and careful driver, so that momentarily he is thereby rendered incapable of deliberate and intelligent action, and as a result injures a third person, he is not negligent, provided he has used due care to avoid meeting such an emergency and, after it arises, he exercises such care as a reasonably prudent and capable driver would use under the unusual circumstances, which is usually for the jury."

In 38 Am. Jur., p. 686, acts in emergency or sudden peril are treated in this manner:

"The prudence and propriety of an action are not to be judged by the event but by the circumstances under which it was done. The rule, as stated generally, is that one who, in a sudden emergency, acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence, provided he exercised in the emergency the care of a reasonably prudent individual under like circumstances. The fact that injurious consequences might have been avoided had he selected another course of conduct does not charge him with negligence. An act of self-preservation performed in circumstances of extreme danger is not to be judged by the rules which are applicable ordinarily to acts done in cold blood, with time and opportunity for the party to consider the consequences and the methods of the act he is about to do. Failure to exercise the best judgment in an emergency created by another person is not necessarily negligent even though the error of judgment has results which are lamentable from the standpoint of injurious consequences to third persons."

And in 65 C. J. S., p. 408, it is said:

"One confronted with a sudden emergency is not held to the same accuracy of judgment as would be required of him if he had time for deliberation; and if he exercises such care as an ordinarily prudent man would exercise when confronted by a like emergency he is not liable for an injury which has resulted from his conduct. The arising of an emergency does not, however, relieve one from the obligation of exercising ordinary care."

And without citation of authority it may be said there is accord in holding that the rule of emergency or sudden emergency cannot be invoked by one who brought the emergency upon himself by his own wrong or who did not use due care to avoid it.

Also see the annotations on "Emergency rule as applied to automobile drivers" in 6 A. L. R. 680, 27 A. L. R. 1197, 79 A. L. R. 1277 and 111 A. L. R. 1019.

*Seele v. Purcell*, supra, from which appellant quotes a portion of a paragraph of the syllabus, does not support his contention. Although reference is made to the opinion for a more complete statement, it appears plaintiffs were driving their motor vehicle upon a highway, and were about to pass defendant's vehicle upon a bridge, when defendant lost control of his vehicle occasioned by the breaking of a shackle bolt, his vehicle struck the bridge abutment and careened into plaintiffs' vehicle, causing the damage for which action was brought. The trial court found that the breaking of the shackle bolt was caused by a latent defect, which could only have been determined by taking off the shackle and bolt and examination by a mechanic, and would not be seen by ordinary inspection and was unknown to the defendant, and that the accident was not caused by any negligence of the defendant. On appeal the

supreme court said it was apparent that the trial court, in weighing the testimony, had in mind what is called the emergency rule in negligence cases. Without reviewing the opinion further or the decisions and authorities mentioned, we note only that the judgment of the trial court was affirmed.

We are not without authorities of our own on the subject.

In *Barnhardt v. Glycerin Co.*, 113 Kan. 136, 213 Pac. 663, the defendant was transporting two loads of nitroglycerin by motor vehicles. One became on fire and after it passed plaintiff's home about 800 feet distant was a steep hill. The vehicle on fire could not make the hill, its driver abandoned it and it ran back down the hill and upset. About a half an hour later the nitroglycerin exploded and plaintiff received injuries for which she sought damages. From a judgment for plaintiff, the defendant appealed, contending that for a person to abandon an automobile load of nitroglycerin when the automobile was on fire and stalled on a steep hill was not actionable negligence. The court reviewed some of the authorities, said that courts take judicial notice of the highly explosive qualities of nitroglycerin and that it explodes more readily when heated, stated there was no fault of the driver that the automobile was on fire or stalled, no showing he could have put out the fire or prevented the automobile from going back down the hill, or done any good in any way by staying, and held:

"One driving an automobile loaded with nitroglycerin, who discovers that the automobile is on fire, the fire not having been caused by any lack of care on his part, and being stalled on a steep hill, is not guilty of actionable negligence in abandoning the automobile." (Syl. ¶ 1.)

Reference is made to *Hill v. Southern Kansas Stage Lines Co.*, 143 Kan. 44, 53 P. 2d 923, for a statement of the facts, but where it was held:

"In determining whether deceased was guilty of contributory negligence, rule followed that one who in a sudden emergency acts according to his best judgment or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence." (Syl. ¶ 3.)

In *White v. Toombs*, 164 Kan. 635, 192 P. 2d 174, where the defendant relied on the rule to avoid liability for plaintiff's injuries, it was said:

"Subject to certain exception, not present in this case, one who acts in an emergency is not chargeable with negligence." (Citing cases) (l. c. 639.)

In view of the above authorities we do not agree with appellant's contention that if any emergency existed it was created when Richmeier drove the truck from the point where it became afire to the point where he abandoned it. Under the allegations of the petition the emergency occurred when the tank wagon and truck became afire. Perhaps a calm deliberation would have led to a conclusion that if left standing in front of the garage the truck and the tank and its contents would have burned where they stood, without any explosion of the tank, and without any damage to the surrounding property, or perhaps that same calm deliberation would have led Richmeier to realize that fire in the tank wagon would produce an explosion dangerous to any person or property nearby and that prudence demanded that it be removed speedily to some locality where possible damage would be limited perhaps to the truck and tank itself. The fact that injurious consequences might not have followed had he left the truck and tank stand where the fire started does not convict Richmeier of negligence. Whichever course he concluded and acted upon would not convict him of actionable negligence. The petition charges however that he was negligent in abandoning the truck and tank without pausing to stop them. The fact that Richmeier left the burning truck and tank may not be so isolated from the entire course of events alleged and he may not be said to have been negligent in not remaining in a position of danger and peril until he stopped the truck and tank. The emergency started with the inception of the fire and did not end until the explosion. There is no allegation capable of interpretation that Richmeier by any act of his created the emergency. In our opinion, the allegations of the amended petition did not charge Richmeier with actionable negligence, and the trial court did not err in sustaining the defendants' demurrer.

We shall not discuss appellees' contention that plaintiff was not the real party in interest and could not maintain the action.

The ruling and judgment of the trial court is affirmed.