No. 38,543

SHEELEY BAKING Co., .a Corporation, *Appellee*, v. FRED R. SUDDARTH, doing business as THE BLUE VALLEY TRANSFER CO.; CLARENCE L. SUTHERLAND and COMMERCIAL STANDARD INSURANCE COMPANY of Fort Worth, Texas, a Corporation, *Appellants*.

(241 P. 2d 496)

Opinion filed March 8, 1952.

*Roscoe W. Graves*, of Emporia, argued the cause and was on the briefs for the appellants.

*Everett E. Steerman* and *Elvin D. Perkins*, both of Emporia, argued the cause and were on the brief for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages to property sustained by the plaintiff in a collision between two motor vehicles on a public highway. Plaintiff recovered and the defendants appeal.

The pleadings are not in controversy and need only be detailed for the purpose of defining the issues. For present purposes it suffices to say the petition charges the proximate cause of the damages sustained by plaintiff was due to divers acts of negligence on the part of defendant Suddarth's truck driver in overtaking and driving into one of plaintiff's bread trucks, that the answer states any damages suffered by plaintiff resulted from the negligence of its own truck driver, and that the reply denies all allegations of the answer.

On issues thus joined the cause came on for trial by jury. Plaintiff adduced its evidence and rested. Defendants demurred to such evidence for the reason it failed to establish a cause of action against them and showed plaintiff's contributory negligence was the proxi-

mate cause of the accident. This demurrer was overruled. Defendants then adduced evidence in defense followed by plaintiff's rebuttal testimony. The cause was then submitted to the jury which returned a general verdict for plaintiff along with its answers to thirteen special qestions. Defendants next moved for judgment *non obstante veredicto* on grounds (1) that the negligence of Sutherland as found by the jury in its answers to the special interrogatories was not charged in plaintiff's amended petition and (2) that such answers disclosed their negligence was not the proximate cause of the action. When this request was denied defendants filed a motion for new trial. This motion was also overruled. Thereupon they perfected an appeal to this court and now, under proper assignments of error, challenge the propriety of the rulings of the trial court heretofore mentioned.

Strange as it may seem this is one case where there is little, if any, dispute in the testimony regarding pertinent and material facts. However, in order to properly understand the issues it will be necessary to briefly outline the evidence on which the jury returned its verdict. In doing this we shall first depict the factual picture as it existed just prior to the accident and then, in summarized form, give our version of the evidence adduced by the respective parties regarding the existing situation just prior to and at the moment of the collision in question.

The plaintiff is a corporation engaged in the business of selling bakery products in Emporia and surrounding trade territory. The defendant, Fred R. Suddarth, is an individual, doing business as The Blue Valley Transfer Company, and is engaged in the transportation of property for hire. Defendant, Commercial Standard Insurance Company, is an insurance corporation which had issued a policy of insurance covering Suddarth's operations as a common carrier of property in conformity with rules and regulations of the State Corporation Commission. On the date and at the time of the involved collision defendant, Sutherland, was an employee of Suddarth and driving one of his semitrailer truck units.

About 4:15 a. m. on January 20, 1949, Max McDonald was driving one of appellee's trucks, loaded with bread, on U. S. Highway 50 S in a westerly direction. Some distance to the rear appellant, Sutherland, was driving one of Suddarth's semitrailer trucks, loaded with steel, in a westerly direction on the same highway. The weather was cold, damp, and foggy. There was snow on the ground and

the wind was from the south. However, considering the time of day the state of the weather did not impair the vision of the drivers of the involved trucks. About seventy-five feet south of the highway at the point where the vehicles were traveling, and parallel thereto, the tracks of the Santa Fe Railroad extend in an easterly and westerly direction. Immediately prior to the accident a train, consisting of seven or eight cars, the engine of which was emitting smoke and steam was traveling west at a slow rate of speed. Smoke and steam from the engine was blowing across the highway at intermittent intervals and could be seen by the respective drivers. Just as Sutherland was about to pass the engine an unusually dense cloud of smoke and steam enveloped the Sheeley truck. Before it emerged therefrom the Suddarth semitrailer entered such cloud of smoke and steam and collided with the rear end of appellee's truck, causing considerable damage, the amount of which is not here in issue. It is conceded the lights of both trucks were burning at the moment of the collision and neither party relies on the absence thereof as a cause of the collision.

We turn now to evidence adduced by the parties, touching matters not heretofore related, dealing specifically with conditions existing just prior to and at the moment of the collision.

Appellee's driver, McDonald, testified that he knew he was being followed by two vehicles on the highway and had observed them some distance behind; that the steam and smoke hit him all at once cutting off his vision and precluded him from looking ahead or seeing anything; that prior to that time he could see up the highway and it was clear; that when the sudden gust of smoke and steam came the first thing he thought of was to get off the road; that prior to that time there was no smoke or steam across the highway interfering with his vision; that he immediately slowed down from thirty-five miles per hour, applied his brakes, and pulled toward the right shoulder of the highway; that before he could get off the road or bring his truck to a stop it was hit in the rear with great force by the Suddarth truck, turned completely around, and pushed down the highway into the north grader ditch; that after striking his truck the Suddarth truck proceeded down the road approximately 100 feet and also went into the grader ditch. Appellee, Sheeley, testified that when he arrived at the scene of the collision later in the morning Sutherland told him he did not see any truck on the highway at all

and that after he drove into the smoke and steam he did not know what happened.

Sutherland, testifying in his own behalf and that of other appellants, testified that a huge puff of smoke and steam enveloped the Sheeley truck very suddenly; that he saw such truck disappear into the smoke and steam when he was some 200 feet to the rear, that when it disappeared he slackened his speed and took his foot off the accelerator but did not apply his brakes; that at that time he was driving forty-two miles per hour; that he could have stopped his truck in 100 feet; that he could not see through the smoke and steam; that he supposed McDonald would go on through it so he drove into it; that he did not see appellee's driver give any stop signal before entering it; that if the latter had given a signal entering it he could not have seen the signal; that such smoke and steam covered a distance as long as the train; that after he entered it he drove about twenty-five or thirty feet before hitting the Sheeley truck; that he would have heard the horn of the Sheeley truck if it had been sounded.

Turning to appellants' first assignment of error it must be conceded that a plaintiff's contributory negligence will bar recovery in an action to recover damages sustained in a collision between two automobiles and that a demurrer to evidence should be sustained where his contributory negligence clearly appears therefrom. (*Most v. Holthaus,* 170 Kan. 510, 227 P. 2d 144.) Even so it must be remembered this court has said time and time again that when evidence is so challenged all testimony favorable to the plaintiff must be accepted as true (*Revell .v. Bennett,* 162 Kan. 345, 347, 176 P. 2d 538, *Towell v. Staley,* 161 Kan. 127, 132, 166 P. 2d 699), and the demurrer overruled if under the confronting facts reasonable minds might reach different conclusions on the question whether the plaintiff is guilty of such negligence (*Hill v. Hill,* 170 Kan. 721, 724, 228 P. 2d 713; *Mehl v. Carter,* 171 Kan. 597, 237 P. 2d 240; *Hill v. Southern Kansas Stage Lines Co.,* 143 Kan. 44, 53 P. 2d 923; *Towell v. Staley,* supra).

When the facts of record are tested in the light of the rule just mentioned we have little difficulty in concluding appellants' position the evidence discloses appellee's truck driver was guilty of contributory negligence as a matter of law cannot be upheld. He was faced with a sudden emergency when the smoke and steam suddenly enveloped his truck. In that situation the established rule in this

jurisdiction (see *Hill v. Southern Kansas Stage Lines Co.,* supra; *Godsey v. Cox,* 135 Kan. 343, 10 P. 2d 871; *Eaton v. Salyer,* 135 Kan. 411, 10 P. 2d 873; *Trinity Universal Ins. Co. v. Farmers Co-operative Exchange of Morland,* 171 Kan. 501, 233 P. 2d 468), is that one who acts according to his best judgment or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence as a matter of law. Moreover, we are unwilling to hold, as appellants suggest, it was negligence for McDonald to decrease his speed when it became impossible for him to see because of the sudden gust of smoke and steam. This we may add is true even though a moment before he had been able to see and had observed the highway was unobstructed. He had no means of knowing how long his vision would be obscured or what hazards might be encountered if he continued ahead blindly at his previous rate of speed. Indeed it was his duty to slow down. As a matter of fact, under our decisions (See, *e. g.,* *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822; *Goodman v. Wisby,* 152 Kan. 341, 103 P. 2d 804; *Robinson v. Short,* 148 Kan. 134, 79 P. 2d 903; *Mowrer v. Osage Township,* 135 Kan. 278, 10 P. 2d 906), he would have been negligent if he had failed to do so.

The next claim made by appellants is that the trial court erred in overruling their motion for judgment *non obstante veredicto.* They advance two contentions in support of this position which will be considered in the order presented.

The first contention is that the negligence found by the jury is not pleaded in the petition. In its support appellants direct our attention to special finding No. 6 wherein the jury, in response to a question asking it to state what it found the negligence of Sutherland to be, answered "By not applying brakes to slow down." They then assert the petition does not contain any allegation charging negligence in failing to apply brakes in order to slow down and invoke the well known rule that where, in an action for damages, the jury finds a particular ground of negligence it absolves the defendant of all other grounds alleged in the petition. (See *Jilka v. National Mutual Cas. Co.,* 152 Kan. 537, 106 P. 2d 665.) We have no quarrel with the rule announced in the foregoing decision. It has been followed and adhered to in many of our cases. The trouble, from appellants' standpoint, is that they either overlook or refuse to recognize two other rules having equal application. One of these, to be

found in the very decision on which they rely, is that a general verdict imports a finding upon all issues in the case not inconsistent with the special findings. The other is that special findings must be liberally construed on appeal with the view of ascertaining their intended meaning. For decisions adhering to both rules see *Baker v. Western Cas. & Surety Co.*, 164 Kan. 376, 190 P. 2d 850; *Vukas v. Quivira, Inc.*, 166 Kan. 439, 201 P. 2d 685; *Morrison v. Hawkeye Casualty Co.*, 168 Kan. 303, 311, 212 P. 2d 633; *In re Estate of Erwin*, 170 Kan. 728, 228 P. 2d 739; *Dryden v. Kansas City Public Service Co.*, 172 Kan. 31, 238 P. 2d 501.

With the foregoing rules in mind we turn to the petition and note that among other acts of negligence relied on it contains one charge to the effect Sutherland failed to reduce his speed before entering the smoke and steam and thus avoiding running into and striking plaintiff's truck and another that he neglected to reduce the speed of his truck when he knew or should have known such smoke and steam greatly restricted, if not obscured, visibility. Thus it appears the petition charges appellants' driver with negligence in failing to slow down. We believe a finding such driver was negligent in failing to slow down is inherent in the answer on which appellants base their argument. Of a certainty there is nothing in such finding inconsistent with the general verdict which, as we have seen, imports a finding upon all issues in the case not inconsistent with the findings. Therefore, when force and effect is given to the two rules last mentioned, we are constrained to hold that both the special finding and general verdict are based upon acts of negligence charged in the petition.

The second contention advanced by appellants in support of the assignment of error now under consideration is that the negligence found by the jury was not the proximate cause of the collision. What has already been related necessitates rejection of this contention. However, it should perhaps be added that the driver of appellants' vehicle conceded that he could not see through the smoke and steam, that he could have stopped his truck before entering it, that he drove into it and proceeded ahead without stopping, and that after doing so he collided with appellee's truck. The rule that failure to slow down in time to avoid an accident may be found to be a proximate cause of an automobile collision under such conditions and circumstances is so well established that it requires no citation of the authorities supporting it.

Claims made with respect to error in the overruling of appellants' motion for new trial are similar to those advanced in support of their other assignments of error and have all been disposed of by what has been heretofore stated. Therefore they require no further consideration.

The judgment is affirmed.