No. 40,152

Ellis H. Meng, *Appellee*, v. Henry Penner, *Appellant*.

(298 P. 2d 246)

June 9, 1956. Opinion filed

*Bert J. Vance*, of Garden City, argued the cause, and *C. E. Vance*, and *A. M. Fleming*, both of Garden City, and *Charles H. Fleming*, of Scott City, were with him on the briefs for the appellant.

*John Staley Holden*, of Cimarron, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This appeal is from an order of the trial court overruling defendant's demurrer to plaintiff's second amended petition.

We shall continue to refer to the parties as plaintiff and defendant.

Defendant lodged a motion to make more definite and certain against the original petition filed by plaintiff. Part of the motion was sustained and the balance was overruled. Plaintiff filed an amended petition to which defendant filed a demurrer. The trial court sustained the demurrer and thereafter plaintiff, with the approval of the trial court, filed a second amended petition. Defendant then filed a motion to strike the second amended petition from the files upon the grounds that it constituted a mere repetition, without substantial change, of the allegations contained in plaintiff's amended petition, to which the trial court had sustained a demurrer upon the ground the amended petition failed to state a cause of action. At the same time defendant filed a demurrer on the

grounds that the second amended petition failed to show facts sufficient to state a cause of action and that it showed plaintiff was guilty of contributory negligence. The motion and the demurrer were both overruled and this appeal followed.

The second amended petition alleged that on November 11, 1953, at about 10:30 a. m., which was a foggy morning, plaintiff was driving his 1953 Mercury car in an easterly direction on an east-west county gravel road of sufficient width for the passing of ordinary vehicles; plaintiff was driving on the north side of the road, which was smoother and had less gravel on it, and at this same time defendant was driving in a westerly direction on the north side of the same road; plaintiff observed the approaching automobile of defendant; he was unable to state the exact distance between them but he thought it was about 250 feet; plaintiff immediately drove to the right, or south half of the road; again plaintiff was unable to state the exact distance from defendant to plaintiff but he thought it was about 200 feet; he thought he was within sufficient time and distance from defendant's vehicle so that no collision would have occurred if defendant had remained on his right, or north half of the road; however, defendant drove to his left and upon the south half of the road at a high and dangerous rate of speed into a head-on collision with plaintiff; if defendant had remained on his right or north half of the road, the collision would not have occurred.

Plaintiff next alleged the negligence of defendant which directly and proximately caused plaintiff's damages, as follows:

"(a) In driving said automobile at a speed greater than was reasonable and prudent under the conditions then existing in that a special hazard existed by reason of the traffic on said road, the road was graded and of gravel construction, and a foggy morning, as provided by G. S. 1949, 8-532, and in violation of said statute.

"(b) In failing to drive his automobile on the right half of the roadway at and just prior to the time of collision.

"(c) In failing to have said automobile under proper control so as to have stopped, slowed down or turned aside in order to avoid said motor vehicle collision.

"(d) In failing to keep a proper lookout in the direction of movement.

"(e) Failure to remain on his right-hand side of the highway and to presume and follow the assumption that the Plaintiff would turn to his right-hand side of the highway before the collision.

"(f) In failing to observe Plaintiff turning his automobile to the right side of said highway before the collision."

The second amended petition then set out allegations as to the injuries suffered to plaintiff's person and property and the amount of the damages which resulted therefrom with which we are not presently concerned.

Plaintiff first presents the proposition that his pleading is entitled to liberal construction and infers that the motion to make definite and certain was unmeritorious with which contention we cannot agree because most of the grounds of that motion were sustained by order of the trial court and plaintiff has complied with that order. (*Clark v. Hildreth,* 179 Kan. 243, 293 P. 2d 989.) We think that the question of strict or liberal construction is not the controlling element herein and further discussion thereof is unnecessary.

The second amended petition, the same as the original and amended petitions, contained an allegation of speed as an act of negligence (G. S. 1949, 8-532) which is admitted by the demurrer. The only remaining issue, therefore, is whether the second amended petition which stated, as did the original and amended petitions, the fact of the foggy morning, that the width of road was sufficient for the passing of ordinary vehicles, and that plaintiff was driving on his wrong side of the road, affirmatively shows contributory negligence as a matter of law so as to bar recovery. Our statute, G. S. 1949, 8-537, provides:

"Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway . . . ,"

so that plaintiff was violating the law in driving on the wrong side of the road. This constituted negligence and if such negligence was the proximate cause, or one of the proximate causes, of the accident and his resulting damages as a matter of law, then he is barred from recovery. (*Maust v. Ioerger,* 177 Kan. 558, 280 P. 2d 566.)

Not only do we have the element of plaintiff's negligence in driving on the wrong side of the road but coupled with that is the allegation it was a foggy morning. The pleading is silent as to the denseness of the fog except that plaintiff could see defendant's car some 250 feet away. Plaintiff relies on the well-established rule that an automobile driver on a public highway may assume others using the highway will observe the laws of the road, and a driver is not guilty of contributory negligence in acting upon such assumption unless and until he has knowledge to the contrary. (*Keir*

*v. Trager,* 134 Kan. 505, 507, 7 P. 2d 49; *Jones v. McCullough,* 148 Kan. 561, 565, 83 P. 2d 669.)

The scene that confronted defendant on this foggy morning as he traveled west on his proper side of the roadway was that a car 250 feet away was proceeding toward him on defendant's side of the roadway at the combined speed of his car and the oncoming car. Should defendant have proceeded on into an apparent head-on collision, especially when the additional allegation of plaintiff shows the distances lessened to 200 feet, assuming that plaintiff, who was violating the law at the time, would all of a sudden swerve to the proper side of the road? We are of the opinion that defendant, finding himself confronted by this emergency, did the same thing any other person of ordinary reason and prudence would have done. He tried to turn out in an effort to avoid an accident. (*DeGraw v. Kansas-City & Leavenworth Transportation Co.,* 170 Kan. 713, 719, 228 P. 2d 527.)

In *McComas v. Clements,* 137 Kan. 681, 21 P. 2d 895, a passenger who was riding in a car could see that an oncoming car was on the left-hand side of the road and he had a right to presume the driver approaching from the opposite direction would get over on the right-hand side in time to avoid a collision. However, the element of fog was not involved in that case. There is nothing in the Mc-Comas case which even infers that had the driver of the car in which the passenger was riding presumed that the approaching automobile would not get over on the right-hand side and had turned out to avoid a collision, that such presumption would have been improper.

We find a rule of law in *Krey v. Schmidt,* 172 Kan. 319, 240 P. 2d 153, which is very appropriate here. It reads:

"It is true that after a person has, or in the exercise of reasonable diligence should have, knowledge of another's negligence the former is bound to use the care of an ordinarily prudent person to help avoid injury." (p. 324.)

The next proposition stressed by the parties is that of hazard and emergency and in addition to what has already been said regarding the subject, a few of the many decisions of our court will be noted.

It is an elementary and general rule of law that persons suddenly placed in a position of peril or impending danger do things which ordinarily would constitute negligence, but these acts are not to be judged by ordinary rules. If an act has to be performed in a brief period with no time for determintion of the best course of action, negligence cannot be predicated thereon. One who acts in a sudden

emergency according to his best judgment, or one who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence even though there may be lamentable results. Such a person is to be dealt with in the light of his surroundings at the time, and he is not necessarily negligent even though his judgment was wrongly exercised. (*Barnhardt v. Glycerin Co.*, 113 Kan. 136, 138, 139, 213 Pac. 663, 31 A.L.R. 721, anno. 725; *Hill v. Southern Kansas Stage Lines Co.*, 143 Kan. 44, 53 P. 2d 923; *Trinity Universal Ins. Co. v. Farmers Co-operative Exchange of Morland*, 171 Kan. 501, 233 P. 2d 468; *Sheeley Baking Co. v. Suddarth*, 172 Kan. 533, 241 P. 2d 496; *Metzinger v. Subera*, 175 Kan. 542, 266 P. 2d 287.)

Any emergency existing under the facts and circumstances in this case was created by plaintiff's negligence in driving down the wrong side of the road and he certainly cannot be heard to say that he could invoke the doctrine above stated in his own behalf by reason thereof. (*Eldredge v. Sargent*, 150 Kan. 824, 832, 96 P. 2d 870; *Mulich v. Graham Ship By Truck Co.*, 162 Kan. 61, 68, 174 P. 2d 98.) On the contrary, such a doctrine would be more properly invoked in favor of his adversary.

In conclusion and in view of what has been said, the second amended petition shows not only contributory negligence as a matter of law on the part of plaintiff so that his recovery is barred, but it also shows that any emergency or hazard created and present was by reason of plaintiff's own contributory negligence.

The trial court erred in overruling the demurrer to the second amended petition. We think it unnecessary to cover the question as to whether the trial court erred in overruling defendant's motion to strike plaintiff's second amended petition from the files.

The judgment of the trial court is reversed with directions to sustain defendant's demurrer to plaintiff's second amended petition.