No. 40,256

ARTHUR M. SMITH, *Appellee,* v. BARBARA STEADMAN and HERBERT RAFLER, *Appellants.*

(304 P. 2d 553)

Opinion filed December 8, 1956.

*Harold S. Herd,* of Coldwater, argued the cause and was on the briefs for the appellants.

*Robert M. Baker,* of Ashland, argued the cause, and *Duane Hamilton, Henry D. Edwards* and *Montell L. Dunn,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for property damage and personal injuries sustained in an automobile collision. Defendants' demurrer to the amended petition was overruled and they have appealed.

The question involved is whether the amended petition shows plaintiff to have been guilty of contributory negligence as a matter of law, thus barring recovery.

From its allegations it appears that as plaintiff was driving his car in a careful and prudent manner in a southerly direction on a north and south highway near Coldwater, an automobile owned by defendant Rafler and driven by defendant Barbara Steadman, a minor under sixteen years of age, approached from the south. It is then alleged:

"That as the defendant Barbara Steadman approached said point of Highway No. 1, she turned her attention and head from the road and was attempting to quiet and control a small child who was a passenger in the back seat of the auto she was driving. That in so diverting her attention and eyes from the road, the defendant, Barbara Steadman, lost control of her auto and allowed it to cross over into the West half of the road, that part normally

reserved for south bound traffic, and towards the automobile driven by the plaintiff.

"That the defendant, Barbara Steadman, was driving said auto at a high rate of speed and as her auto approached, and headed directly at the auto of the plaintiff, and into the southbound lane of traffic where plaintiff was rightly driving, he found himself in a great emergency and imminent danger. That the plaintiff seeing the defendants onrushing auto in his lane of traffic and on the West side of the road turned his car to the East side of the road to get out of the defendant's way and to avoid a collision, but defendant, Barbara Steadman, returned her attention and gazed back to the road and finding herself driving on the wrong side of the road, swerved her car back to the East side of the road and once again towards the plaintiff. That the plaintiff who had tried to dodge and avoid the defendant and her auto once, found the defendant and her auto rushing at him again. That plaintiff swerved his car back to the West side of the road, but the speed of the defendant was so great that the cars collided. That the cars collided in the center of the said highway."

Liability of defendant Rafler is predicated on G. S. 1949, 8-222, which provides that every owner of a motor vehicle who knowingly permits a minor under the age of sixteen years to drive such vehicle upon a highway shall be jointly and severally liable with the minor for any damages caused by the negligence of such minor in driving the vehicle.

Despite the fact the collision occurred in the center of the highway, plaintiff contends that under the "emergency" doctrine prevailing in this state the allegations of the amended petition do not establish contributory negligence on his part, as a matter of law. The doctrine has been stated and applied under various conditions and circumstances, and is to the effect that one who in an emergency situation acts according to his best judgment, or who, because of want of time in which to form a judgment omits to act in the most judicious manner, is not chargeable with negligence; and that one so confronted is not held to the same accuracy of judgment as would be required of him if he had time for deliberation, and if he exercises such care as an ordinarily prudent man would exercise when confronted by a like emergency is not liable for an injury which has resulted from his conduct. (*Metzinger v. Subera,* 175 Kan. 542, 266 P. 2d 287; *Meng v. Penner,* 179 Kan. 789, 298 P. 2d 246, and cases cited therein.)

Defendants, on the other hand, contend the amended petition shows on its face that plaintiff was not in an "emergency" situation when he moved his car to the wrong traffic lane; that he was not

suddenly placed in a position of peril without time for deliberation; that he chose the wrong course to avoid the accident and was therefore in a position of peril due to his own negligence, and that under the circumstances he is not to be excused for having chosen the wrong course to avoid the collision.

We do not agree with defendants' contentions. The pertinent allegations of the amended petition are quoted above and will not be repeated. They speak for themselves. We have no way of knowing what facts may be developed on the trial of the case, and our concern is solely with what the amended petition alleges. It does not convict plaintiff of contributory negligence as a matter of law. The demurrer was properly overruled and the judgment is affirmed.