GLASS, Appellee, v. MILLER, Appellant.

Ohio Appeals, Ninth District, Medina County.

No. 171.   Decided December 11, 1940.

John A. Weber, Medina, Harold L. Williams, Medina, and McClure & McClure, Medina, for appellee.

Roger C. Burtt, Cleveland, for appellant.

## OPINION

By DOYLE, J.

This appeal on questions of law brings under review a judgment rendered by the Court of Common Pleas of Medina county in an action at law instituted by the plaintiff, the appellee herein, for the recovery of damages from two defendants, one of whom has appealed to this court and is the appellant herein. The judgment under review is in the amount of $600, in favor of the said appellee.

The charge was made in the trial court that Roy E. Miller, one of the defendants, the appellant herein, was the owner of a tractor and trailer, and that while it was being operated upon a public highway by an employee acting within the scope of his employment, the said employee brought it to a stop for the purpose of making an adjustment; that because of his negligent conduct at the time of and subsequent to stopping, coupled with the negligence of one William Burbage, who was driving his car in the same direction and on the same highway, and who, to keep from colliding with the tractor and trailer heretofore mentioned, drove his car, in passing, over and onto the left side of the road and into a loaded truck proceeding in the opposite direction, which loaded truck was owned by the plaintiff, the said plaintiff suffered damages, resulting from the wrecking of his truck.

It was claimed that the defendant Miller's tractor and trailer was parked on the highway at the time of the collision. The evidence in the record on this point is disputed. The trial court admitted the testimony of a witness who testified that he passed a truck standing on the highway at or near the point of collision. From his subsequent testimony it may fairly be inferred that he passed a standing tractor and trailer between five and ten minutes prior to the collision.

1. The appellant urges that the admission of this testimony constituted prejudicial error because the witness could not identify the tractor and trailer as belonging to the defendant, nor can it be inferred that after such a length of time it still remained parked.

The operator of the equipment testified that he had stopped prior to the accident, but that he had started on his way and was not parked when the accident occurred. Other witnesses testified that the outfit was parked and that there was no one in it at the time of the accident.

It may be stated as a general proposition of law that when there is such a logical connection between the fact offered as evidence and the issuable fact that proof of the former tends to make the latter more probable or improbable, the testimony offered on the former is relevant if not too remote. And this is especially so when there is a direct conflict in the testimony of the witnesses, for it may have a tendency of showing that the testimony of one set of witnesses is more probable than the other.

"When the existence of an object, condition, quality, or tendency at a given time is in issue, the prior existence of it is in human experience some indication of its probable persistence or continuance at a later period.

"The degree of probability of this continuance depends on the chances of intervening circumstances having occurred to bring the existence to an end. The possibilty of such circumstances will depend almost entirely on the nature of the specific thing (or condition) whose existence is in issue and the particular circumstances affecting it in the case in hand. * * * So far, then, as the interval of time is concerned, no fixed rule can be laid down; the nature of the thing and the circumstances of the particular case must control."

Wigmore's Principles of Judicial Proof (2nd Ed.). Sec. 126.

In the instant case, this court is of the opinion that the testimony was competent. It could be considered in connection with the testimony of the driver himself, who stated that he had stopped and adjusted certain appliances on his outfit; with the testimony of other witnesses, who stated that at the time of the accident the vehicular unit was stopped; as well as with all logical inferences drawn from the conditions and circumstances described in the evidence.

Under these circumstances, the principle announced in **Sobolovitz v Lubric Oil Co., 107 Oh St 204**, has no application, as it is claimed to have by the appellant.

2. It is further claimed that the court erred in its general charge to the jury, "when," it is claimed, "it assumed that the defendant Miller's truck was parked" at the time of the accident.

Specifically, the complaint is directed to the following language:

"It was the duty of defendant Miller by his agent, while driving his truck, to exercise ordinary care in parking the same on a main traveled highway, also to exercise ordinary care to place flares or other signals to notify traffic of the position of said parked truck, if the exercise of ordinary care required giving such signals, or placing such flares.

"* * *

"If the plaintiff has shown by a preponderance of the evidence that defendant Miller by his agent failed to use ordinary care in parking his truck, or that defendant Miller by his agent failed to use ordinary care in placing flares or other signals to notify traffic of the position of his parked truck," etc.

While the charge may be subject to a claim of technical error, in that the court failed to preface that part of the charge by a statement that if the jury found the truck was parked at the time of the accident the rule of law was as stated, we find that, in considering the charge as a whole and in the light of all the evidence, and particularly the subject as to whether the car was parked, it is not probable that the jury understood that the judge was expressing any opinion that the outfit was actually parked at the time of the accident, but on the contrary understood that that was one of the issues of fact for the determination of the jury.

3. The court is charged with erroneously submitting to the jury the question of damages for the loss of use of the equipment.

It is the rule of law that when a motor vehicle is completely destroyed and cannot be repaired, then the measure of damages is the difference between the market value of the vehicle before it was damaged and the value of the wreckage, and nothing can be recovered for the loss of the use of the vehicle.

The evidence in this case, however, shows that the equipment could have been repaired, and there is evidence showing the estimated cost of the same. The fact that the owner did not see fit to repair the vehicle, but "turned it in" on new equipment, does not preclude him from recovering damages for the loss of its use—at least for such a length of time as it would have taken for the repairs to have been made or for the length of time that it took to purchase new equipment, whichever should be the shorter.

The only evidence on this subject in the instant case shows that it would have taken the same length of time to repair the equipment as it did take to acquire the new vehicle.

In the absence of specific requests to charge at greater length on this subject, this court finds no error prejudicial to the rights of the defendant Miller. And this is especially so when the amount of the judgment is compared with the testimony on the subject of damages.

4. It is charged that the court should have rendered final judgment for the defendants, for the reason that there was not sufficient evidence of the ownership of the damaged truck in the plaintiff. It is contended by the appellant that §6290-4 GC, is a mandatory Code provision and applicable to a situation as presented in the instant case; and that "when a certificate of title is not offered in evidence to comply with this section, the court must sustain a motion in favor of the party making such motion, and should have done so in the case at bar."

This Code section is as follows:

"No person acquiring a motor vehicle from the owner thereof, whether such owner be a manufacturer, importer, dealer or otherwise, hereafter shall acquire any right, title, claim, or interest in or to said motor vehicle until he shall have had issued to him a certificate of title to said motor vehicle, or deliver to him a manufacturer's or importer's certificate for the same; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title or manufacturer's or importer's certificate for said motor vehicle for a valuable consideration. No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter."

The following evidentiary facts are set forth chronologically:

July, 1937, the plaintiff's equipment was purchased.

January 1, 1938, the Code section supra became effective.

January 5, 1939, the accident happened.

February, 1939, the damaged equipment was disposed of by trade.

The appellant maintains that this section of the Code (§6290-4 GC, supra) makes it mandatory for the owner of a motor vehicle to have and produce a certificate of title to a motor vehicle before he can successfully prove a claim for damages to the said vehicle, and that in the case at bar no such certificate was offered or admitted in evidence.

The statute specifically refers to motor vehicles acquired **after** the effective date of the act. The vehicle in question

was acquired before the passage of the act, and, under the language of the act itself, it could not be applied to the instant case.

The court did not err in overruling the appellant's motion.

5. It is finally claimed as error the failure of the court to direct a verdict "on the ground that there was no evidence of negligence * * * at the end of plaintiff's evidence."

It is the judgment of the members of this court that the evidence in the record is such that reasonable minds could reach different conclusions upon this issue. It was therefore proper to submit this question to the jury for its determination.

Finding no error in the record prejudicial to the rights of the appellant, the judgment will be affirmed.

WASHBURN, P. J., and STEVENS, J., concur.