No. 39,523

Ethel Birt, *Appellant,* v. Drillers Gas Company a Corporation, D. J. Ward, doing business as Obee Grocery, *Appellees.*

(279 P. 2d 280)

Opinion filed January 22, 1955.

*Roy C. Davis,* of Hutchinson, argued the cause, and *Frank S. Hodge, Eugene A. White, Robert Y. Jones, H. Newlin Reynolds, Clyde A. Raleigh* and *Robert E. Upp,* all of Hutchinson, were with him on the briefs for the appellant.

*Donald R. Newkirk,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt,* and *Theodore C. Geisert,* all of Wichita, were with him on the briefs for appellee Ward.

*D. C. Martindell* and *Jack C. Stewart,* both of Hutchinson, argued the cause, and *W. D. P. Carey, Wesley E. Brown, Edwin B. Brabets, R. J. Gilliland, John F. Hayes, C. William Miller,* and *R. C. Martindell,* all of Hutchinson, were with them on the briefs for appellee Drillers Gas Company.

The opinion of the court was delivered by

Parker, J.: This was an action to recover damages for personal injuries sustained by plaintiff as a result of falling into a hole, alleged to have been dug by defendant Drillers Gas Company on the defendant Ward's land and allowed to remain uncovered without proper warning devices.

The pleadings are not in question and no attempt will be made to detail their contents. For all purposes here pertinent it may be said plaintiff's lengthy amended petition contained allegations suf-

ficient to state a cause of action. Separate answers of the two defendants denied the negligence relied on in that pleading; alleged the hole described therein was not the proximate cause of plaintiff's fall or injuries; and charged that whatever injuries she might have sustained as the result of such fall were due to her own contributory negligence which would preclude her recovery. A reply denied all allegations of the answers in any way inconsistent with the averments of the amended petition.

With issues thus joined the cause came on for trial by a jury. At the close of plaintiff's evidence demurrers were interposed by each defendant, based on grounds (1) the evidence failed to establish a cause of action and (2) it disclosed plaintiff was guilty of contributory negligence as a matter of law. Defendant Ward's demurrer was overruled. So far as the record discloses the demurrer of Drillers Gas Company was sustained generally. However, since the demurrers were identical, the evidence was the same, and Ward's demurrer was overruled in its entirety, it may be assumed the demurrer of the Drillers Gas Company was sustained on the basis the evidence failed to establish a cause of action. Following action as just indicated the jury was advised the Gas Company was no longer in the case. Thereafter the trial proceeded as to Ward and at its close the jury returned a general verdict, along with its answers to special questions, in favor of such defendant. Ultimately, after overruling a motion to set aside the special questions, the verdict, and for a new trial, the trial court approved the answers to the special questions and the general verdict and rendered judgment for both defendants against the plaintiff. Thereupon plaintiff perfected an appeal from the judgment, including all adverse rulings, to this court where, under proper assignments of error, she contends the trial court erred in sustaining the Gas Company's demurrer to her evidence and in overruling her motion to set aside the special questions, the verdict, and for a new trial.

In giving consideration to the first issue presented on appellate review it must, of course, be recognized that issue is to be disposed of in the light of the well-established rule that in ruling on a demurrer to the evidence courts do not weigh or compare contradictory evidence but must accept all evidence as true, give it the benefit of all inferences that may be drawn therefrom, and consider only such portions thereof as are favorable to the party

adducing it. For what is probably our most recent decision, wherein the rule is stated and numerous authorities are cited, see *Stephens v. Bacon*, 176 Kan. 460, 461, 271 P. 2d 285.

Related in accord with our version of its import and highly summarized, but nevertheless giving it the benefit to which it is entitled under the rule above mentioned, it may be said the essential details of the evidence adduced by appellant, to which the demurrer of appellee Drillers Gas Company was sustained, disclose the following facts.

Appellant was employed to prepare and serve foods to the election board officials at what is known as the Obee school house in Reno County, Kansas, on election day, November 4, 1952. The school house was located on the west side of a north and south township road a short distance north of a store owned and operated by the appellee Ward. The store was located east of the township road and north of U. S. Highway 50 South, an east and west highway, at a point a short distance northeast of the intersection of such highways. On the afternoon of the day in question appellant left the school house, proceeding in a southerly direction along the east side of the township road toward U. S. Highway 50 South, for the purpose of going to the Ward store to buy some groceries. At or shortly before reaching such highway she crossed the township road and entered the front door of the store. There she purchased some groceries and had a conversation with Ward regarding a possible need for more supplies after his store closed that evening. He advised her he closed the store at 6 p. m. but that he would be in his living quarters at the rear of the building all that evening and if she found she needed supplies he would get them for her if she would come to the rear of the premises and knock on the back door leading into the rooms in which he lived.

Sometime during the evening of election day appellant found she would need more supplies. At about 8:30 p. m. of that evening she left the school house and returned to the store to purchase additional groceries. In making the trip she pursued the same course she had followed in the afternoon which brought her to the front door of the store. She testified that upon finding the place closed she observed a gravel drive along the east side of the store which continued around the back or north side of the building, and that light was supplied to the east and north sides of such building from an open air theatre located across the road, to the southeast of

the store, and from a flood light located at a house immediately northeast thereof; that after making such observation she then proceeded around the east side of the building on the gravel drive to a door on the east, located four feet from the back or north end of such building; that upon knocking upon such door and getting no response she proceeded around the northeast corner of the building; and that upon reaching that point she left the gravel drive and started to walk across the back yard with the intention of reaching the back door of the store leading into Ward's living quarters; and that she had proceeded but a few steps, only two or two and one-half feet from the gravel drive when she stepped into a hole covered with leaves, fell upon a gas riser protruding from such hole, and injured herself.

The foregoing facts are all disclosed by appellant's own testimony. The only other evidence introduced by her of importance to the issue now under consideration consisted of a right-of-way agreement between Ward and Drillers Gas Company which gave the latter the right to lay, maintain, repair, inspect, and remove pipe lines on the former's land; and the testimony of Ward himself who, when called as a witness for appellant, testified the Gas Company had installed a pipe line on his land and had filled in over the pipe line but had left the hole in question back of the building where a welder made a connection for a standpipe. He further testified that he had nothing to do with the digging of the hole and that he considered the pipe line as belonging to the Gas Company.

The most that can be said for the foregoing evidence from appellant's standpoint is that so far as the appellee Drillers Gas Company is concerned she was at best a mere licensee upon the premises when she fell into the hole and sustained her injuries. In that status the rule in this jurisdiction is well-established that the extent of appellee Gas Company's legal duty to appellant was to refrain from willfully, intentionally or recklessly injuring her. (See *Steinmeyer v. McPherson,* 171 Kan. 275, 232 P. 2d 236; *Toomey v. Wichison Industrial Gas Co.,* 144 Kan. 534, 61 P. 2d 891.) The evidence does not reflect a violation of that duty. In fact the record is devoid of any evidence warranting a construction that such appellee knew, or had reason to anticipate, that appellant was going to be upon the premises at the time or at the place where she was injured. Under such circumstances application of the rule,

to which we have just referred, compels a conclusion the trial court did not err in sustaining the demurrer of the Drillers Gas Company on the basis the appellant's evidence failed to establish a cause of action against it.

Following the sustaining of the demurrer of Drillers Gas Company appellee Ward, as the sole remaining defendant, adduced his evidence. There is no necessity for extended reference to such evidence. Touching the high spots it can be stated, that although much of his testimony was disputed by appellant, Ward testified in substance that there was a level path suitable for walking on the west side of his store building which led from the front to the rear of such building; that at the time he told appellant that if she needed additional supplies in the evening she could come to the rear of the building where his living quarters were located; that he knew that this path would be lighted from the lights from the school house to the west; that he expected her to follow that path, which was the most direct route to his living quarters, rather than going around the east side of the building; that the hole into which appellant fell was located in the back yard of his premises some six feet from the gravel drive and six feet from the back of the building; that there was no path leading across the portion of the back yard where appellant was attempting to cross such yard at the time she fell into the hole in question; and that the safe route for her to have followed if she desired to reach the door of his living quarters by coming around the east side of the store would have been for her to follow the gravel drive around to the back of the building and then come in from the north to the door of his living quarters.

The record discloses more testimony of like nature on the part of Ward but it may be disposed of by stating that when surveyed in its entirety it was more than sufficient, if believed, to warrant the jury in concluding appellant did not exercise reasonable care for her own safety in following the path she chose on the night in question and that it was negligence on her part to leave the gravel drive, as she did, and cut across the back yard for the purpose of reaching the door to his living quarters.

At the close of all evidence the trial court gave the jury full and complete instructions covering the law of the case. Prior to this action some 16 instructions requested by appellant had been refused because they were covered by the instructions as finally

submitted or were not warranted under the issues reflected by the evidence. Appellant complains of the refusal to give these requested instructions. With regard to her complaints respecting them it may be said we have carefully compared all such requested instructions with the instructions given, to which no specific objections were made, and find that the instructions as given fairly submitted the issues involved to the jury.

After considering the evidence, under the instructions as given, the jury returned a general verdict and answered special questions which so far as need be here noted, were to the effect the appellant did not use ordinary diligence in choosing the route she followed and did not exercise reasonable care for her own safety in following the path she chose. There can be no doubt the legal effect to be given these findings, which we pause to note were entirely consistent with the general verdict, is that they convicted appellant of negligence which contributed to her own injury and it cannot be denied that if they are sustained by evidence, which in the face of the record we have little difficulty in concluding they were, the prevailing rule in this jurisdiction precluded her recovery and warranted the jury in returning a general verdict against her in favor of Ward.

For confirmation of the foregoing conclusions, even though it be assumed that appellant, as she contends, was a business invitee on Ward's premises, not a licensee as found by the jury, see *Kurre v. Graham Ship By Truck Co.*, 136 Kan. 356, 15 P. 2d 463, which holds:

"Where a business invitee enters the premises of the inviter and follows a course of his own choosing, with which he is unfamiliar, and which is so dark that he cannot see, resulting in his injury, he is guilty of contributory negligence." (Syl. ¶ 2.)

See, also, *Thompson v. Beard and Gabelman, Inc.*, 169 Kan. 75, 216 P. 2d 798, and numerous authorities there cited, where the rule announced in the foregoing decision (Syl. ¶ 4) is reiterated, and it is held:

"The general rule is that the proprietor is not liable for negligence where the customer is using a portion of the store to which invitation has not been extended and which the proprietor would not reasonably expect the customer to use in connection with conduct of his business." (Syl. ¶ 2.)

And with respect to contributory negligence of the plaintiff in that case said:

". . . Suffice it to say that plaintiff was traveling a course she did not

know; the door leading from the private office was partially closed and the light dim; on pushing the door inward she was standing at the entrance of a basement stairway, no bar or barrier about the steps, and was confronted with darkness which is always a signal of danger. The darkness or dimness of light called upon her to exercise greater caution for her own safety than is ordinarily required and it was her duty under such circumstances to refrain from proceeding farther without finding out where she might safely go, and by this failure to exercise ordinary care for her own safety, she was guilty of negligence as a matter of law. (Citing cases.)" (p. 80.)

When the long and extended arguments advanced by the capable and resourceful counsel for appellant are carefully analyzed and stripped of all excess verbiage it appears the gist of their complaint regarding the overruling of appellant's motion to set aside the answers to special questions, other than those heretofore discussed, is based upon the premise the jury in its answers to such questions erroneously concluded the appellant was a licensee on Ward's premises because there was no evidence to support its answers to that effect. We are inclined to the view the jury's answers to such questions are sustained by the evidence of record and that they were answered in full accord with instructions given by the court, of which appellant makes no complaint, but we need not labor the question. The two findings of the jury, to which we have heretofore referred, and its general verdict were supported by evidence sufficient to convict her of contributory negligence precluding her recovery, regardless whether she was a licensee or an invitee. Under such circumstances the answers to such two questions and the general verdict would stand even though the answers to the other questions complained of were set aside. Therefore, assuming but in no sense deciding the answers to such questions should have been set aside, the inescapable result is that the failure of the trial court to do so resulted in no substantial prejudice to appellant and affords no sound ground for reversal of the judgment.

One other claim made by appellant requires specific attention. It is that the verdict should be set aside and a new trial granted because such verdict was returned by the jury under the influence of passion and prejudice. Two contentions are advanced as supporting it. First it is suggested the record makes it apparent that when the demurrer of the Gas Company was sustained the jury schemed and contrived to the end that the honest good intentioned Ward would not be made the "goat" with the result it held against the appellant. This suggestion is wholly without foundation in the record and so fallacious as to require no further

attention. Next it is urged the answers to the special questions show they were attributable only to passion and prejudice, hence the verdict was rendered on that basis. This phase of the claim is based upon the concept there was no evidence to sustain the answers to such questions. We have examined the record with the view of ascertaining whether there was evidence to support the answers and are unable to agree with appellant's position. To say the least the facts as testified to by the parties were such that reasonable minds, in the exercise of fair and impartial judgment, might reach different conclusions thereon. In that situation we know of no decisions, and are referred to none, holding that failure of a jury to construe conflicting evidence in accord with the construction given it by one of the parties, or for that matter an honest mistake made by it in giving a wrong answer to a special question, convicts it of passion and prejudice in reaching its general verdict, and we are not inclined to so hold.

What has been heretofore said and held disposes of the more important errors assigned by appellant. In passing, it is to be noted, numerous other contentions have been advanced by her as affording grounds for the granting of a new trial and a reversal of the judgment. All these, it may be added, have been patiently considered but they are not mentioned because they lack sufficient gravity to disturb the judgment and would not justify further discussion.

In conclusion it should be stated that after a careful and extended examination of the entire record we have concluded that this is primarily a fact case wherein the question of appellant's contributory negligence was fairly submitted, under proper instructions, to the jury and that its findings with respect thereto not only precluded her recovery but should end the lawsuit. Moreover we are convinced that appellant, in contentions discussed at length in this opinion and in others disposed of as warranting no discussion, has failed to make it affirmatively appear there has been any error or irregularity in the case which has prejudicially affected her substantial rights. In that situation this court has no alternative but to sustain the trial court's judgment. In fact the statute, G. S. 1949, 60-3317, in clear and unequivocal terms, requires that it do so.

The judgment is affirmed.

ROBB, J. not participating.