No. 39,621

VIVIEN SIEGRIST, *Appellant,* v. MAX WHEELER, CLYDE L. SHAMBURG, BURTON THOMPSON, and CLYDE L. SHAMBURG and BURTON THOMPSON, doing business as GLASCO TRUCKING COMPANY, a copartnership, *Appellees.*

(286 P. 2d 169)

Opinion filed July 6, 1955.

*Ralph H. Noah,* of Beloit, argued the cause, and *Don W. Noah,* of Beloit, and *H. McCaslin,* of Osborne, were with him on the briefs for the appellant.

*Lawrence Weigand,* of Wichita, argued the cause, and *R. L. Hamilton,* of Beloit, and *Claude I. Depew, Lawrence E. Curfman, Byron Brainerd, Charles W. Harris, Orval J. Kaufman, J. Ruse McCarthy,* and *Thomas A. Wood,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is the second appearance in this court of a case (See *Siegrist v. Wheeler,* 175 Kan. 11, 259 P. 2d 223) wherein the plaintiff sought to recover damages for personal injuries sustained when an automobile, which she was driving, and a motor truck, operated by the defendant Wheeler, collided in a city street intersection. The verdict was for the defendants and the plaintiff appeals from all adverse orders, decisions and rulings, including the overruling of her motion to set aside certain answers of the jury to special questions, the overruling of her motion for judgment on the answers to such questions, the overruling of her motion for new trial, and the judgment rendered on the verdict for defendants.

In the first case the trial court sustained a demurrer to the plaintiff's evidence on the ground that evidence disclosed her contributory negligence as a matter of law. On appeal this court determined the question of her contributory negligence, if any, was a factual matter to be submitted to a jury and remanded the cause with directions to set aside the order sustaining the demurrer to her evidence and proceed with a new trial in accord with the views expressed in the opinion. Conformance with that mandate resulted in the verdict and appeal above indicated.

The opinion in the first case discloses the geographical and factual picture necessary to enable readers of this opinion to have a proper understanding of what this case is about. In fact it may be said the plaintiff's evidence on the second trial was substantially the same as in the former case insofar as the issues on appeal are concerned and that on that account the statement of facts so far as it goes, appearing in the first opinion, which we now incorporate in this opinion by reference, will suffice to supply the factual background essential to the disposition of the major portion of the appellate issues here involved. Therefore we turn directly to such issues which, we pause to note, will be limited to and disposed of by consideration and determination of the questions which plaintiff herself states are involved on appeal.

The first, and probably the principal, question raised by appellant relates to the admission of evidence. In this connection three complaints are presented.

The trial court admitted evidence relating to the manner and speed at which appellant was driving her automobile on the public high-

way at a point when it was about a quarter of a mile from the place where the involved accident occurred. Her contributory negligence was one of the highly controverted issues and it cannot be denied the truck in question was proceeding on the highway slightly ahead of her automobile. One of the claims made by appellees with respect to her contributory negligence was that her speed and careless driving caused the accident at the involved intersection. Under these circumstances and others, disclosed by the record, we believe this evidence had some reasonable relation to the proximate cause of the accident and that its weight and probative force was a proper subject for consideration by the jury. For decisions which, although they are not on all fours with the case at bar, nevertheless support our conclusion on this point in principle see *Gabel v. Hanby,* 165 Kan. 116, 124, 193 P. 2d 239; *Godsey v. Cox,* 135 Kan. 343, 344, 345, 10 P. 2d 871; *Brooks v. Neer,* 46 Ariz. 144, 47 P. 2d 452; *Melville v. State of Maryland,* 155 F. 2d 440; *Glass v. Miller* (Ohio), 51 N. E. 2d 299. For recognized authorities, wherein the general subject is discussed, see 61 C. J. S., Motor Vehicles, 247 § 516 [a]; 5 Am. Jur., Automobiles, 850 § 630; Huddy Automobile Law [9th Ed], Vol. 15-16, 351 § 184; 9 Blashfield, Cyclopedia Automobile Law and Practice [Perm. Ed], 698 § 6235.

The trial court's admission of testimony on the part of the appellees to the effect no partnership in the operation of the truck existed is also urged as error. The short and simple answer to this contention is that appellant introduced evidence on this point in her case in chief and appellees had the right to refute it.

Next it is urged the trial court erred in admitting evidence concerning the speed of appellees' truck in various gears, including the gear the truck was in at the moment of the accident. Since speed of the truck at that time was one of the issues this evidence was relevant to that question and its admission was proper.

Appellant's next question is "Did the court err in the exclusion of evidence?" In connection therewith it is claimed:

1. That the trial court erroneously refused to permit appellant to interrogate the driver of the truck (appellee Wheeler) as to whether he had been arrested for speeding with a truck in Osborne County on June 18, 1952. We know of and are cited to no authorities warranting a conclusion that this isolated act of negligence, occurring more than two years after the involved collision, would be entitled to probative force and effect in establishing Wheeler's negli-

gence on the date of the accident in question. Moreover, the jury found this appellee guilty of negligence and the all decisive issue here is whether its findings convicting appellant of contributory negligence preclude her recovery. In such a situation, under our statute (G. S. 1949, 60-3317) and the decisions there cited, the rejection of the evidence complained of, even if it had been admissible, was harmless, resulted in no prejudice to appellant's substantial rights, and any error respecting it must be disregarded by this court on appellate review.

2. That Exhibit 31, an accident report signed by Wheeler shortly after the accident, was not admitted in its entirety. There is no need to labor the merits of arguments advanced on this point. Contrary to appellant's contention the record discloses such Exhibit was admitted in its entirety.

3. That the appellant should have been permitted to introduce at the second trial portions of the transcript of appellee Shamburg's testimony as given at the first trial even though such appellee was personally present at the last trial and testified as a witness. Much could be said on this subject but the facts and circumstances do not warrant it. So far as the record discloses this evidence was neither presented nor produced to the trial court on the hearing of the motion for a new trial. In that situation error in excluding it in the court below is not reviewable in this court (See *Gillen v. Stangle,* 175 Kan. 364, 264 P. 2d 1079).

The next question raised by appellant challenges the propriety of the instructions. It would add nothing to the body of our reports, and in our opinion would result in no benefit to the bench and bar, to labor the long and tedious arguments made respecting them and we are not disposed to do so. It suffices to say that when all instructions complained of, and the arguments advanced in support of complaints made with respect thereto, are carefully reviewed and considered we fail to find any merit in appellant's claim that the instructions given were unfair and prejudicial or that, as urged, they disclose other errors sufficient to warrant a reversal of the judgment and the granting of a new trial.

Next it is argued the trial court erred in approving several findings made by the jury convicting appellant of contributory negligence. It is neither necessary nor required that we here spell out the answers specified or detail the evidence on which they must stand or fall. The gist of all arguments made by appellant in sup-

port of this claim is that the evidence does not support the findings. We have combed the entire record and have carefully analyzed the evidence the jury had before it in making its answers to the findings complained of. After doing so we have no difficulty whatsoever in concluding there is sufficient evidence to support each and every finding, of which there are several, made by the jury to the effect that appellant was guilty of contributory negligence and therefore could not recover in the action even though, as it found, the driver of the truck was also negligent. The rule, so well-established in this jurisdiction as to require no citation of the authorities supporting it, is that when supported by evidence the jury's answers to special questions will not be disturbed on appellate review even though, as here, the record discloses some evidence which might have warranted contrary answers.

Three other questions are raised by appellant in her brief but they all have to do with issues heretofore considered, discussed and determined. For that reason they require no further attention or discussion.

The judgment is affirmed.