No. 40,347

L. D. KOCH, *Appellee,* v. WANDA SUTTLE, *Appellant.*

(306 P. 2d 123)

Opinion filed January 12, 1957.

*H. Lee Turner,* of Great Bend, argued the cause and was on the briefs for the appellant.

*Arthur C. Hodgson,* of Lyons, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an action to recover damages for personal injuries sustained by plaintiff in a collision between a truck in which plaintiff was making a left turn and an automobile driven by defendant who was trying to pass on the left at a rural intersection. During the trial a demurrer to plaintiff's evidence was overruled. Later defendant's motion to set aside the jury's answers to special questions, motion for judgment notwithstanding the verdict, and motion for new trial were all overruled. Plaintiff recovered and defendant appealed. The parties will be referred to herein as they were in the court below.

There is no question about the pleadings and they will not be

set out. Plaintiff and a deputy sheriff testified in plaintiff's behalf and their evidence showed that shortly after 10:00 a. m. on September 7, 1954, plaintiff was driving a Dodge pickup truck at about forty-five miles per hour in a southerly direction on state highway 14. The highway had a two-lane paved travel portion eighteen feet in width and had sanded shoulders seven to eight feet in width on each side. About 450 feet north of the intersection of the highway with a township sanded road twenty-seven feet wide plaintiff started to slow down and put his hand straight out for a left turn. He continued to so signal until he was 100 to 75 feet from the intersection which was a large rounded corner. At this point plaintiff pulled to the center of the pavement and when about twelve feet north of the center of the intersection he began to cut across in his left turn. When the front wheels of the truck were off the slab but the rear wheels yet thereon a collision occurred in which his left door, fender and running board were smashed. The truck was practically headed east when hit. At the time plaintiff made his signal he noticed in his side rear-vision mirror that a car was following him about a quarter of a mile to his rear. He heard a horn honk which sounded to him to be about 100 or 150 yards back. He thought defendant was asking for the road on the right-hand side. On re-direct examination plaintiff estimated defendant's speed to be sixty to eighty miles per hour and testified that in relation to the township road, the left front wheel of his truck was about in the center thereof.

On cross-examination much of what is stated above was repeated and in addition plaintiff's testimony went on to show that anyone could see that plaintiff was slowing down, he had signaled and he thought he had the right to block the road and make his turn because at a corner after a given signal nobody was supposed to pass on the left-hand side. When plaintiff was slowing down, blocking the highway, defendant could have passed on the right side without going onto the whole shoulder if she had been traveling at a normal rate of speed. After the impact he could not get out of the truck which had been knocked back across the slab to the right or west side with the left rear wheel just off the edge of the pavement about twenty-five feet from the point of impact while defendant's 1952 Buick traveled in a southeasterly course across the highway and the township road, over and through a three foot ditch, and over a bank and out into a field.

The deputy sheriff's testimony was typically that of an investigating officer and was similar to plaintiff's testimony as to the point of impact and location of plaintiff's truck at the time of impact. In addition the officer testified that the Buick's "left wheel left the left side of the pavement, fifty-one feet north of where the impact occurred," which was not within the intersection proper but in the rounded and sanded part of the roadway. The Buick traveled 102 feet from the point of impact to where it came to rest.

Before taking up the questions raised on this appeal it may be well to set out the following pertinent excerpts from the General Statutes of 1949:

"8-539. (a) The driver of a vehicle may overtake and pass upon the right of another vehicle which is making or about to make a left turn. . . ."

"8-540. . . . (b) No vehicle shall, in overtaking and passing another vehicle . . . be driven to the left side of the roadway under the following conditions: . . . (2) when approaching . . . within 100 feet of or traversing any intersection. . . ."

While violations of these statutes may establish negligence on one hand or contributory negligence on the other, we still have the question of proximate cause to consider, which will be referred to later. (*Hubbard v. Allen*, 168 Kan. 695, 215 P. 2d 647.)

Two of defendant's contentions invite our attention to rulings of the trial court in admitting and excluding evidence. An examination of the record does not show that these rulings prejudicially affected defendant's substantial rights and we will not disturb a judgment unless such prejudice affirmatively appears. (G. S. 1949, 60-3317; *Booker v. Kansas Power & Light Co.*, 167 Kan. 327, 205 P. 2d 984; *Birt v. Drillers Gas Co.*, 177 Kan. 299, 279 P. 2d 280; *Siegrist v. Wheeler*, 178 Kan. 286, 286 P. 2d 169.)

The next contention directs us to the trial court's overruling of defendant's demurrer to plaintiff's evidence on the ground that plaintiff showed himself to be guilty of contributory negligence which, as a matter of law, barred his recovery. In support thereof defendant relies on the rule that where the testimony of a litigant in detail clearly destroys the basis for his cause of action, then the case is not entitled to go to the jury and judgment should be rendered against such litigant and cites *Evans v. Thornton*, 159 Kan. 149, 160, 152 P. 2d 853, where the settlement of a partnership business was involved. This rule of law was stated in the Evans case in support of a partially dissenting opinion but it has been followed in other cases. One cited by defendant is *Ray v. Allen*, 159 Kan.

167, 152 P. 2d 851, where plaintiff's own evidence showed two vehicles approached an intersection from different directions and had the plaintiff kept a proper lookout he could have seen that the defendant was approaching at such speed he could not stop and plaintiff could have stopped and could have avoided the collision. Plaintiff there asked why he should stop when he had the right of way. Under such circumstances it has been held this rule of law as to contributory negligence is applicable. (See, also, *Bell v. Johnson*, 142 Kan. 360, 46 P. 2d 886; *Green v. Higbee*, 176 Kan. 596, 272 P. 2d 1084.)

A demurrer to the evidence of a litigant raises the question of what rule of law will be applied to the facts and circumstances presented in the record. If the law is properly applied by the trial court, we will not disturb it on appeal but if the contrary appears then this court has the duty to reverse the ruling, order, or judgment. Aside from this determination we are not concerned with the facts. We think that the evidence of plaintiff as set out does not come up to the standard of that in the Ray case and we cannot say as a matter of law that plaintiff's evidence in detail clearly destroys his cause of action. The general rule was reiterated in *Noel v. Menninger Foundation*, 180 Kan. 23, 299 P. 2d 38, where we said that in testing the sufficiency of evidence when attacked by demurrer all of the evidence will be considered as true, it will not be weighed as to any contradictory parts or discrepancies therein between direct or cross-examination, or among the witnesses, and every favorable inference to be drawn therefrom will be given to such evidence. If there is any evidence which sustains the case, the demurrer will be overruled. This leaves us no alternative other than to hold that plaintiff's evidence herein did not show contributory negligence so as to bar his recovery. When considering a demurrer, a court cannot weigh conflicting evidence nor regard the case as though submitted by the defendant upon the plaintiff's showing, but must consider as true all portions of the evidence which tend to prove the allegations of the petition. (*Worrell v. West*, 179 Kan. 467, 296 P. 2d 1092.) The most that can be said about this evidence is that reasonable minds might differ as to any contributory negligence on the part of plaintiff which would have to be shown also as a proximate cause of the collision and resulting damages. This in turn resolves itself into a question of fact to be determined by a jury. (*Wright v. Nat'l Mutual Cas Co.*,

155 Kan. 728, 129 P. 2d 271; *Smith v. Kansas City*, 158 Kan. 213, 146 P. 2d 660; *Bishop v. Huffman*, 177 Kan. 256, 278 P. 2d 588.)

Assuming that defendant's interpretation of plaintiff's evidence were correct, it must be noticed that to so hold would totally ignore the rule that a motorist in a hurry has no absolute right to require all other cars ahead of him to get out of his way (*Stilwell v. Faith*, 142 Kan. 730, 736, 52 P. 2d 635, quoted with approval in *Knight v. Hackett*, 149 Kan. 492, 496, 87 P. 2d 505) which brings us to the further legal proposition that as between two or more automobile drivers each has the right to proper use of the road and has the right to assume the other will observe the law and he is not guilty of contributory negligence in acting upon that assumption until he has knowledge to the contrary. (*Siegrist v. Wheeler*, 175 Kan. 11, 259 P. 2d 223.)

Defendant further claims as error the trial court's refusal to set aside answers to certain special questions, but we are unable to find such error because the answers affixed by the jury show each question was carefully considered by it and the answers were certainly supported by the evidence in the trial, as reflected in the record, and they will not be disturbed on appellate review. (*Siegrist v. Wheeler*, 178 Kan. 286, 290, 286 P. 2d 169.) Furthermore, we cannot be moved to any great extent by this proposition of defendant for the reason that after the refusal to set aside the answers to certain special questions, defendant moved for judgment notwithstanding the verdict. It has been held that in order to obtain a ruling on such a motion, or for the purpose of testing such a ruling, it is admitted that all special findings are supported by the evidence. (*Booker v. Kansas Power & Light Co.*, 167 Kan. 327, 332, 205 P. 2d 984.) The record shows no inconsistency between the answers to the special questions and the general verdict. On the contrary the verdict is consistent with and supported by the special findings so that the trial court did not err in refusing to render judgment for defendant notwithstanding the general verdict since in a situation such as this a general verdict imports a finding upon all issues in the case not inconsistent with the special findings. (*Sheeley Baking Co. v. Suddarth*, 172 Kan. 533, 538, 241 P. 2d 496.)

Two similar cases are *Gabel v. Hanby*, 165 Kan. 116, 193 P. 2d 239, 39 A. L. R. 2d 31, and *Nolan v. Hebrew*, 177 Kan. 363, 278 P. 2d 1011. The rules of law therein stated apply to many questions raised herein but in order to avoid repetition of their citation, reference to them has been saved until now.

The remaining two questions as to the correctness of the trial court's order overruling defendant's motion for new trial and in rendering judgment on the verdict of the jury must be answered in the affirmative in view of what has been heretofore said.

The judgment is affirmed.

HALL, J., not participating.