No. 40,500

HENRY UNRUH and ANNA UNRUH, *Appellees,* v. KANSAS TURNPIKE AUTHORITY, *Appellant.*

(313 P. 2d 286)

Opinion filed July 3, 1957.

*Morris Moon,* of Augusta, argued the cause and *Robert M. Cowger, Bruce Works,* both of Topeka, and *Robert M. King,* of El Dorado, were with him on the briefs for the appellant.

*L. J. Bond* and *Robert M. Bond,* both of El Dorado, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

HALL, J.: This is a condemnation appeal.

The Kansas Turnpike Authority instituted an eminent domain proceeding against the appellees' land in Butler County, Kansas. The appellee land owners had appealed the award of the appraisers to the district court and the jury returned a verdict in their favor. The Kansas Turnpike Authority now appeals and makes five specifications of error.

The first is that the court erred in admitting certain evidence over objection which was incompetent, irrelevant, immaterial, and prejudicial to the Turnpike.

In the trial below, the appellee land owners called farmer-neighbor witnesses to testify as to the value of their land. Without going into the detail of the testimony, the Turnpike objected and asked that the testimony of several of those witnesses be stricken because no proper foundation had been laid to make the opinions of these witnesses competent on the value of appellees' land. The Turnpike objected principally because no specific question was asked as to the witnesses' knowledge of land values in the community. The court overruled the objection and this ruling is now specified as error.

An examination of the record shows the foundation laid was questionable as to several of the witnesses; however, it is conceded by the Turnpike and the record also shows, there were other farmer-neighbor witnesses whose testimony was fully competent to substantiate the verdict of the jury.

Under these circumstances this court has repeatedly held that a verdict or finding of fact made by the trier of facts and supported by the evidence will not be disturbed on appeal. (*Dryden v. Rogers,* 181 Kan. 154, 309 P. 2d 409; *Wood v. Board of County Commissioners,* 181 Kan. 76, 309 P. 2d 671; *Ripley v. Harper,* 181 Kan. 32, 309 P. 2d 412.)

An examination of the record also does not show the ruling of the court complained of prejudicially affected defendant's substantial rights and we would not disturb the judgment unless such prejudice affirmatively appears (G. S. 1949, 60-3317; *Booker v. Kansas Power & Light Co.,* 167 Kan. 327, 205 P. 2d 984; *Birt v. Drillers Gas Co.,* 177 Kan. 299, 279 P. 2d 280; *Siegrist v. Wheeler,* 178 Kan. 286, 286 P. 2d 169; *Koch v. Suttle,* 180 Kan. 603, 306 P. 2d 123).

The Turnpike Authority next specifies as error the exclusion of certain competent, relevant, material and proper evidence offered by the appellant.

The Turnpike Authority condemned some 21.97 acres across the northwest corner of appellees' section of land. Some years previously the State Highway Commission and a railroad had condemned a strip of land running roughly from the northeast corner to the southwest corner of the section. Approximately 205 acres of the section of land lay to the southeast of the railroad and highway while the balance of the section lay to the northwest. The witnesses for the appellees testified as to the value of the land before the taking, the value of the land taken, and, of course, also as to the value of the land remaining after the taking. The Turnpike objected that their testimony covered the entire section including the 205 acres. The appellees contended the witnesses were considering the farm as a total "unit" and the witnesses were entitled to include in their testimony the value of and damage to the 205 acres. The Turnpike Authority attempted on cross-examination to go into the consideration given by the witnesses "to the effect of the previous separation" by the railroad and highway on the value of and damage to the 205 acres of land. The court sustained objection to a continuation of this line of cross-examination. The Turnpike Authority contends the court abused its discretion and relies on one of our recent cases (*Bourgeois v. State Highway Commission,* 179 Kan. 30, 292 P. 2d 683).

On the facts of the Bourgeois case the court did hold that there had been an abuse of discretion but an examination of the record here does not show an abuse of discretion. The Turnpike Authority was not denied the right of cross-examination but rather was limited in its pursuit of cross-examination. On cross-examination each witness was asked and answered whether he had taken into consideration the previous separation by the railroad and highway. In fact several of the witnesses were examined rather extensively on the point and the witnesses answered before the court sustained objection to a continuation of the cross-examination.

The Turnpike Authority correctly states the general rule that great latitude should be afforded counsel on cross-examination but the court also has authority to exercise some control over it and unless it affirmatively shows that the court abused its discretion in so limiting it the ruling will not be disturbed on appeal. There is

no such affirmative showing as far as the record here discloses. (*Bourgeois v. State Highway Commission*, supra; *State v. Stewart*, 179 Kan. 445, 296 P. 2d 1071; and *Hillebrand v. Board of County Commissioners*, 180 Kan. 348, 304 P. 2d 517.)

The court said in the Hillebrand case:

"Another contention is that statements of a clerk of the zoning board were binding on the body under G. S. 1949, 19-2903, but there is no showing that the clerk was the statutory secretary of the board and whatever may have been said did not appear in the record. A further claim was made that testimony on cross-examination was unduly restricted in regard to a subsequent subdivision platted by the same applicant as the one named here in which subdivision business establishments were not allowed. *Bourgeois v. State Highway Commission*, 179 Kan. 30, 292 P. 2d 683, was cited on this point, but we fail to see any analogy between that case and the one now before us.

"The more applicable rule in our case is that absent a showing of abuse of discretion on the part of a trial court, the extent to which a witness may be examined is within the sound discretion of the court and its ruling will not be disturbed on appeal. (*State v. Stewart*, 179 Kan. 445, 453, 296 P. 2d 1071.)" (p. 350.)

The Turnpike also specifies as error the overruling of its motion for new trial, motion to set aside verdict and answers to special questions, and in sustaining appellees' motion for judgment upon the verdict and special questions.

The point at issue in these three specifications of error is that the special questions answered by the jury were inconsistent with each other and with the general verdict.

The jury returned a general verdict for $16,214.60. It also answered five special questions pertaining (1) to the highest and best use of appellees' property before the taking, (2) the fair and reasonable market value of the entire acreage before the taking, (3) the fair and reasonable market value of the acres taken, (4) the fair and reasonable market value of the acres remaining before the taking, and (5) the fair and reasonable market value of the acres remaining after the taking.

All of the answers to the special questions were consistent with the general verdict except the answer to question number two, the fair and reasonable market value of the entire acreage before the taking, which was admittedly a clerical error by the jury and could not have been substantiated by the evidence.

The court regarded it as mere surplusage and approved the verdict. The court said:

". . . we could eliminate question no. 2 from these answers entirely

because the rule is . . . the difference between the balance immediately before the taking and the value of the balance after the taking, plus the value of the propérty taken. . . . We don't need that second question at all. We put it in there, but I don't think it makes any difference how you look at it to figure these things. The proof of the fact that you don't need it . . . it came out with the general verdict. . . ."

Appellees urge the application of the rule that when the answers to special questions are inconsistent with each other and with the general verdict that neither is controlling and there must be a new trial. (*McCoy v. Weber,* 168 Kan. 241, 212 P. 2d 281; *Tinberg v. Kansas Turnpike Authority,* 181 Kan. 139, 310 P. 2d 217.)

We do not believe this rule applies. We agree with the trial court that question two was mere surplusage. The answers to the balance of the special questions were consistent with each other and with the general verdict. Under these circumstances we apply the rule that a general verdict in favor of a party to an action imports a finding in his favor upon all issues in the case. The special findings will be given such construction, as possible, that will bring them in harmony with the general verdict and if one interpretation leads to inconsistency and the other to harmony with the general verdict the latter is to be adopted. The general verdict may be set aside only when the special findings are contrary to the verdict and compel judgment setting aside the general verdict as a matter of law. Unless the effect of special findings, when considered as a whole, is such as to overthrow the general verdict, the verdict must stand. Citing *Marley v. Wichita Transportation Corp.,* 150 Kan. 818, 96 P. 2d 877; *Sams v. Commercial Standard Ins. Co.,* 157 Kan. 278, 139 P. 2d 859; *Johnson-Sampson Construction Co. v. Casterline Grain & Seed, Inc.,* 173 Kan. 763, 769, 252 P. 2d 893; *Haddock v. Keller,* 178 Kan. 299, 285 P. 2d 1093; *King v. Vets Cab, Inc.,* 179 Kan. 379, 295 P. 2d 605.

After careful examination, we find no reversible error in the record of this case. Some technical errors may have been committed through the process of the trial but following a well established rule of this court such technical errors will not cause a reversal unless the record reflects that the complaining party has sustained the burden of showing that his case has been materially affected or prejudiced thereby. (*Steck v. City of Wichita,* 179 Kan. 305, 295 P. 2d 1068.)

The judgment is affirmed.