### FILIPPONE v. REISENBURGER.

(Supreme Court, Appellate Division, Second Department. December, 3, 1909.)

NEGLIGENCE (§ 12*)—INEVITABLE ACCIDENT.

    Plaintiff was working in a building excavation, and was·standing on a runway leading into the excavation, when defendant stepped upon a barrel standing near the runway, and, as claimed by plaintiff, the barrel

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

turned over, and defendant caught plaintiff's feet to prevent himself from falling into the excavation, and caused plaintiff to fall and injure himself; but defendant claimed that the barrel gave in, and he took plaintiff's hand, held out to help him onto the runway, when they both fell. The barrel was in reasonably good condition, was not placed there by defendant, and was not so placed that it would necessarily turn when defendant stepped on it. *Held* that, in either event, the injury was accidental, and, under the rule that an act done under the influence of pressing danger, is presumed to have been done involuntarily, defendant was not liable.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 14; Dec. Dig. § 12.*]

Hirschberg, P. J., and Miller, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Michele Filippone against Alexander Reisenburger. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Jacob W. Kahn, for appellant.
Charles L. Fasullo, for respondent.

WOODWARD, J. This action was to recover damages for negligence. The plaintiff, a brick mason, was employed by the defendant, a contractor, or by one Schilleppi, a subcontractor, and was lawfully upon the premises at 58 Moore street, Brooklyn. He was standing on a runway, which extended from the sidewalk into the excavation where a building was in course of construction. The runway was about eight feet from the bottom of the excavation at the entrance to the lot where the building was to be, and sloped gradually inward where the other end rested on a barrel. The defendant, who was in the excavation, in trying to get upon the runway where the plaintiff stood, stepped upon a barrel which was standing near by. The barrel "turned over" or "fell over," and the defendant, "in order to save himself from falling," caught hold of the plaintiff's feet, and caused him to fall into the excavation, with the result that the plaintiff suffered injuries to his body just above the hip, not of a serious nature. This is the story of the occurrence as told by the plaintiff, and is corroborated by one witness.

The defendant testified that the barrel "gave way" or "gave in," as he stepped upon the top with one foot and took the plaintiff's hand held out to help him up on the runway, and that they both fell into the dirt together. One witness corroborates the defendant's statement that the plaintiff took him by the hand, and was trying to help him onto the runway, when the barrel turned or gave way. The plaintiff denies it.

In any view of the case, actionable negligence was not shown. The occurrence seems to have been an accident, not due to any lack of reasonable care on the part of the defendant. The barrel was already standing near the runway when the defendant stepped upon it. It was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

not placed there by him for the purpose. There is no evidence what-ever that the barrel was not in reasonably good condition, and none that it was so placed that it necessarily would roll or turn when the defendant stepped upon it. The case is not within the principle of the squib case (Scott v. Shepherd, 2 W. Black. 894), nor that of Vandenburgh v. Truax, 4 Denio, 464, 47 Am. Dec. 268, where persons doing illegal, mischievous, or careless acts were held liable in dam-ages for consequences directly and naturally resulting from such con-duct, but rather must be disposed of as governed by the principle of pressing danger as applied in Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216, and in this way expressed in Moak's Under-hill on Torts, p. 14:

"The law presumes that an act or omission done or neglected under the in-fluence of pressing danger was done or neglected involuntarily."

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event.

JENKS and RICH, JJ., concur. HIRSCHBERG, P. J., and MIL-LER, J., dissent.