■ ALBERT BETANCOURT et al., Appellants, v 141 EAST 57TH STREET CORPORATION, Respondent, et al., Defendants.—Judgment, Supreme Court, New York County, entered April 22, 1976, dismissing the complaint at the close of the evidence, is modified, on the law, to reverse the dismissal of the first and fourth causes of action, and a new trial directed as to those causes of action, with $60 costs and disbursements of this appeal to abide the event, and otherwise affirmed. We agree that the third cause of action for punitive damages, and the sixth cause of action for loss of services derivative to the third cause of action, were properly dismissed. There is no basis for holding the employer liable for punitive damages in this case for the unforeseen conduct of the employee. We also agree that the second cause of action for assault, and the fifth cause of action derivative thereto, were properly dismissed. Crediting the plaintiffs' testimony that when the assailant approached Windham, the claimed employee of defendant, saying, "I want you" and pulled a gun, that Windham grabbed plaintiff and, perhaps, even used him as a shield, Windham's action we do not think qualified as an assault for which the employer is responsible. As the Court of Appeals long ago said in *Laidlaw v Sage* (158 NY 73, 89): "That the duties and responsibilities of a person confronted with such a danger are different and unlike those which follow his actions in performing the ordinary duties of life under other conditions, is a well-established principle of law. The rule applicable to such a condition is stated in Moak's Underhill on Torts (p. 14), as follows: 'The law presumes that an act or omission done or neglected under the influence of pressing danger, was done or neglected involuntarily.'" (Accord *Filippone v Reisenburger*, 135 App Div 707.) However, we think the trial court erred in dismissing the first cause of action for common-law negligence, and the fourth cause of action for loss of services derivative thereto. The owner of a bar and restaurant has the duty to use

reasonable care to protect the patrons thereof from attack by third persons, or by owner's own employees. *(Shank v Riker Rest. Assoc.,* 28 Misc 2d 835, affd 15 AD2d 458; *Molloy v Coletti,* 114 Misc 177; *Tobin v Slutsky,* 506 F2d 1097.) We think a question of fact was presented for the jury as to whether defendant here, through its employees, used such reasonable care to protect plaintiff, e.g., after a violent fight in which the assailant was a participant, and drew a knife, and apparently a chair was hurled, whether defendant's employees could, or should, have prevented the assailant from re-entering the restaurant within minutes thereafter, and whether defendant used reasonable care to protect plaintiff in all the circumstances. Concur—Kupferman, J. P., Silverman, and Lane, JJ.; Capozzoli, J., dissents in part in the following memorandum: I dissent insofar as the majority would affirm the dismissal of the second and fifth causes of action which are based on assault and would order a new trial as to same.