Jg v Goldfinger (2018 NY Slip Op 03762)





Jg v Goldfinger


2018 NY Slip Op 03762


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6678 151453/16

[*1]JG, et al., Plaintiffs-Appellants,
v
Myron Goldfinger, et al., Defendants-Respondents.


R. Zachary Gelber Law PLLC, New York (R. Zachary Gelber of counsel), for appellants.
Michael Fuller Sirignano, Cross River, for Myron Goldfinger and June Goldfinger, respondents.
Jason M. Krellenstein, PLLC, Cross River (Jason M. Krellenstein of counsel), for Covecastles Development Corporation and Covecastles Limited, respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered February 7, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to deny the motion of defendants Covecastles Development Corporation and Covecastles Limited to dismiss the complaint as against them, and otherwise affirmed, without costs.
Plaintiffs allege that, while on vacation at a resort in Anguilla, a gardener employed by defendants' resort attacked the infant plaintiff, as she was on her way down to the beach. Plaintiffs allege that defendants, the resort owner and manager, and two of its shareholders, negligently failed to provide appropriate security and negligently hired the gardener, who had a criminal history.
While an innkeeper is by no means an insurer of its guests' safety, it does, as a landowner, have a duty to guard against reasonably foreseeable criminal acts of third parties that threaten the property or well-being of its patrons (see Penchas v Hilton Hotels Corp., 198 AD2d l0, 10—11 [1st Dept 1993]). We have applied this doctrine not only in cases where the assailant was a stranger to the defendant, but also, as in the case here, where the underlying act was committed by an employee of the establishment (see Betancourt v 141 E. 57th St. Corp., 56 AD2d 823, 823—24 [1st Dept 1977]).
While the Covecastles defendants came forward with documentary evidence showing that they did not own the beach where the infant plaintiff was found, they failed to conclusively establish either that no part of the attack occurred on their property or that they had no responsibility for that area, which they touted as "our" beach. In addition, defendants failed to offer any evidentiary basis for the court to overlook the clear allegation in the complaint that the assailant had a criminal history that made the attack foreseeable to defendants.
Similarly, when construing the complaint liberally, presuming its factual allegations to be true, and giving the allegations every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), plaintiffs adequately state a claim for negligent hiring (see Haddock v City of New York, 140 AD2d 91, 94 [1st Dept 1988], affd 75 NY2d 478 [1990]). Although the complaint did not specifically plead that Covecastles knew of the employee's propensity to commit a sexual assault that would cause injury to the infant plaintiff, plaintiffs may later amplify these allegations in a bill of particulars (see Jarvis v Nation of Islam, 251 AD2d 116, 117 [1st Dept 1998]; and see Pickering v State of New York, 30 AD3d 393, 394 [2nd Dept 2006]).
However, the complaint failed to state a cause of action against defendants Myron Goldfinger and June Goldfinger, as the allegations regarding their involvement in the security and hiring at the resort are insufficient.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK